SPECTOR, SAMUEL, Associate Judge.
Appellant seeks reversal of a final judgment for appellee in an action initiated by the former to enjoin an unlawful detainer proceeding in the Civil Court of Record in and for Dade County, Florida. Appellee was the plaintiff in the detainer action, while appellant was the defendant. Their respective roles are of course reversed in the instant action.
Appellant filed its complaint for in-junctive relief on June 29, 1971. On September 14, 1971, the trial court entered a temporary injunction conditioned upon bond, etc. Final hearing was had on February 28, 1972. Considerable testimony was adduced from a number of witnesses, but before plaintiff rested it announced into the record that it was entering a non-suit in the cause. Although the nomenclature of the prior practice was used by counsel, it was understood by the court and opposing counsel that appellant was taking a voluntary dismissal as provided for by F.R.C.P. 1.420(a)(1) (i), 30 F.S.A. The court at that point stated, “I think the law is such that you have a right to nonsuit. . . I looked up the law and I find that you have that right.”
Apparently, appellee at that time expressed some reservation as to whether appellant was entitled to a voluntary dismissal under the applicable rule, contending that the case had been submitted and therefore dismissal would not lie. Leave was granted appellee to research the matter, and a month or so later appellee tendered a proposed final judgment to the court ex parte which judgment held in favor of ap-pellee on the merits of the cause.
In addition to holding in favor of ap-pellee on the merits, the judgment held that the appellant’s nonsuit or motion for voluntary dismissal was untimely because it was made after the case had been submitted and, accordingly, denied it on authority of In re Adoption of Helen Ramona Sheffield v. State Department of Welfare, Fla.App., 231 So.2d 853.
Although two points are raised by appellant in support of reversal which go to the merits of this cause, it is unnecessary *754 for us to consider them since we reverse on the voluntary dismissal issue and hold that the trial court erroneously denied appellant’s motion therefor.
Florida Rule of Civil Procedure 1.420(a) (l)(i) provides that an action may be dismissed by a plaintiff without an order of court by serving, or by stating on the record during the trial, as was done in the case at bar, a notice of dismissal at any time before a hearing on motion for summary judgment, or before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for a decision. In Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla.App. 1971), the court in discussing the nature of the plaintiff’s right under the cited rule stated at page 527 the following:
“ . . . This is an absolute right of the plaintiff without order of court, which gives to the plaintiff absolute control over continuation of the litigation. Meyer v. Contemporary Broadcasting Company, Fla.App. 1968, 207 So.2d 325.
“Since a trial court has no discretion under F.R.C.P. 1.420(a)(1)(i) in granting or denying a voluntary dismissal by a plaintiff, it follows, then, that a trial court has no authority to review a voluntary dismissal. A voluntary dismissal of an action by the plaintiff pursuant to F.R.C.P. 1.420(a)(1) serves to terminate the action and to divest the trial court of jurisdiction.”
It is clear from the transcript of the testimony of the proceedings before the court below that the plaintiff had not yet rested at the time it stated on the record its motion for voluntary dismissal or nonsuit. The case at bar is distinguishable from the Sheffield case upon which the trial judge relied in deciding the dismissal issue because in Sheffield the attempted motion for voluntary dismissal was made after the case was submitted to the court for decision, whereas in the case at bar it was made prior to the time the case was submitted to the court for decision. Having stated “No” in the record in response to appellee’s question as to whether it had rested, appellant was free to call additional witnesses and was thus equally free to take a voluntary dismissal under the rule so providing. Until appellant rested his case, it cannot be said that he had submitted his case to the court for a decision.
Accordingly, the judgment reviewed herein is reversed and the cause is remanded to the trial court with directions to allow appellant’s voluntary dismissal.