367 So.2d 1089 (1979)
SELECT BUILDERS OF FLORIDA, INC., Appellant,
v.
James A. WONG, Sandra Wong and Richard P. Brinker, Appellees.
No. 77-2457.
District Court of Appeal of Florida, Third District.
February 27, 1979.
*1090 Williams, Salomon, Kanner, Damian, Weissler & Brooks and Vincent E. Damian, Jr., Miami, for appellant.
William J. Harte, Edward T. Joyce, Chicago, Ill., William P. Cagney, III and Martin Roth, Miami, for appellees.
Before HENDRY, BARKDULL and HUBBART, JJ.
BARKDULL, Judge.
The question on appeal is whether the appellant had an absolute right to take a voluntary dismissal of its action, begun in the trial court.
Select Builders filed suit to expunge an Illinois Federal court injunction that was allegedly improperly filed in the Public Records of Dade County. The order stemmed from litigation between the parties in Illinois, Florida, and elsewhere. Part of the dispute between the parties involved a condominium development in Dade County, owned by Select Builders. As a result of the action of the appellees in filing the Federal court injunction, a cloud appeared on the title to the condominium development property. To remove the cloud from the property, the appellant sought to expunge the Federal injunction from the public records.
Legal skirmishes ensued between the parties, involving a procedural question regarding removal of the action to the Federal court in the Southern District of Florida. The case was never removed to the Federal court; instead, the trial court issued an order expunging the document from the public records, quieting title to the condominium property and enjoining the appellees from filing any like documents without domesticating them in Florida.
It later developed that the appellant may have perpetrated a fraud upon the trial court in obtaining the order expunging the document, and the trial court entered an order vacating its previous order. The appellees then moved for sanctions against the appellant, contending that it misled the court and committed certain procedural irregularities. The trial court ordered that the appellant take immediate steps to place the parties and the real estate [the condominium development] in a status quo. The trial court also required the appellant to deposit certain monies that it received from the sale of the property to a third party.[1] At this juncture, the appellant filed its notice of voluntary dismissal, dismissing the action pursuant to Fla.R.Civ.P. 1.420. Upon the appellees' motion to strike the voluntary dismissal, the trial court entered an order striking the appellant's notice of voluntary dismissal and retaining jurisdiction over the cause. The appellant now takes this interlocutory appeal from that order.
*1091 The trial court considered the motion for sanctions in the nature of a counterclaim and held this was a sufficient ground, pursuant to Section 1.420(a)(2) of the rule to prevent voluntary dismissal. Without reaching this point, we find the court to be correct in striking the voluntary dismissal and reinstating the matter to prevent a fraud on the court. The plaintiff had obtained the affirmative relief it sought, its actions in the cause in the trial court may have been fraudulent on the court and it certainly was within its inherent power [as an equity court] to protect its integrity. Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893 (1934); Masilotti v. Masilotti, 158 Fla. 663, 29 So.2d 872 (1947); Ryan v. Ryan, 277 So.2d 266 (Fla. 1973); 8 Fla.Jur., Courts, § 41. It is elementary that a trial judge may be right for the wrong reason. Choctawhatchee Electric Cooperative, Inc. v. Green, 132 So.2d 556 (Fla. 1961); Saunders v. Saunders, 346 So.2d 1057 (Fla. 1st DCA 1977); New Magnolia Baptist Church, Inc. of Branford v. Ellerker, 353 So.2d 205 (Fla. 1st DCA 1978).
We have examined the following authorities cited by the appellant and find them not to be applicable. Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970); Modular Construction, Inc. v. Owen, 270 So.2d 753 (Fla. 3d DCA 1972); Fears v. Lunsford, 314 So.2d 578 (Fla. 1975). First, the plaintiff in the cited cases had not received affirmative relief from an equity court and, secondly, no question of fraud on the court was involved.
Therefore, for the reasons above stated, the order under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] See: Companion case between the appellees and a third-party plaintiff, Wong v. Wersebe, 365 So.2d 429 (Fla. 3d DCA 1978).