452 So.2d 77 (1984)
MARINE CONTRACTORS, INC., Appellant,
v.
ARMCO, INC., Auto-Owners Insurance Company, Progressive Contractors, Inc., George Allen, As Trustee, and Morstar Utilities Corporation, Appellees.
No. 83-2063.
District Court of Appeal of Florida, Second District.
May 23, 1984.
*78 Ernest S. Marshall, Bradenton, for appellant.
F.J. Manuel, Jr. of Welbaum, Zook, Jones & Williams, Orlando, for appellee Auto-Owners.
Anthony J. Abate of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellees Allen and Morstar.
No appearance for appellee Progressive.
RYDER, Judge.
Appellant Marine Contractors, Inc. (Marine), the subcontractor, seeks review of an order dismissing its cross-claims filed against appellees Progressive Contractors, Inc. (Progressive), the general contractor; Auto-Owners Insurance Company (Auto-Owners), Progressive's surety; and George Allen, as trustee for two individuals, and Morstar Utilities Corporation (Morstar), the joint owners of the construction site. In short, the issue before us is whether we will give effect to the notice of voluntary dismissal filed by the plaintiff below, Armco, Inc. (Armco), but not served on a named defendant who subsequently filed cross-claims. We hold the voluntary dismissal was a nullity and therefore reverse the trial court's ruling that it lost jurisdiction over the cross-claim because of the voluntary dismissal.
On January 14, 1983, Armco, a construction materials supplier, filed in accordance with Chapter 713, Florida Statutes (1981) a complaint against Marine, Progressive, and Auto-Owners to recover damages because of nonpayment for materials delivered to the construction site. Marine was served with Armco's complaint on January 25, 1983. Thereafter, Marine filed a motion to strike and a motion to dismiss the complaint on February 11. The certificate of service relating to these combined motions indicated that Ernest S. Marshall was the attorney for Marine. Prior to March 4, Armco entered into a settlement agreement with Progressive and Auto-Owners. Marine was not informed of the settlement. On March 7, before a hearing was held on Marine's motions, Armco filed a "Notice of Voluntary Dismissal" to dismiss "this action with prejudice." The notice's certificate of service stated that a copy had been furnished on March 4 to David L. Evans, the attorney for Progressive. The certificate did not indicate any other parties were furnished copies of the notice of voluntary dismissal, and it is not disputed that Marine in fact was never served with such notice.
*79 On April 7, 1983, Marine filed multi-count cross-complaints against Progressive, Auto-Owners, Morstar, and the trustee to recover damages it incurred in supplying labor and materials to the construction project.[1] Copies of the cross-complaints were furnished by mail on April 7 to Progressive and Auto-Owners. On April 25, Morstar and Allen jointly filed a motion to dismiss the cross-complaints as to them contending, in part, the trial court did not acquire personal jurisdiction over them or subject matter jurisdiction over the cause of actions asserted in the cross-complaints. Subsequently, on May 2, both Progressive and Auto-Owners filed motions to dismiss the cross-claims and quash service of the cross-claims on the grounds that the trial court had lost jurisdiction over them because of the voluntary dismissal taken by Armco after Armco entered into a settlement with them. On May 19, formal notice and summons of the cross-complaints were served on Progressive and Auto-Owners. Auto-Owners then filed a second notice to dismiss the cross-claims after it received formal notice.
After an unrecorded hearing on the cross-defendants' motions to dismiss and quash service was held on June 17, 1983, the trial court entered an "order of dismissal" on June 30. The trial court found that the original cause of action filed by Armco had been previously dismissed with prejudice because of the voluntary dismissal, and, therefore, it was without subject matter jurisdiction to hear the cross-claims. Marine then filed a motion for rehearing, but the trial court entered an order denying this motion after a hearing. Marine then timely filed notice of appeal.
Florida Rule of Civil Procedure 1.420(a), which deals with voluntary dismissals, provides in relevant part:
(1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action... . (Emphasis added).
Thus, the first method for taking a voluntary dismissal under subsection (1)(i) clearly allows a party seeking affirmative relief an almost absolute right[2] to dismiss his entire action once without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment. Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978).[3] However, before the notice of voluntary dismissal can become operative, it is equally clear that the party seeking affirmative relief must effect service of the notice. Hibbard v. State Road Department of Florida, 225 So.2d 901, 902 (Fla. *80 1969); Gull Construction Co. v. Hendrie, 271 So.2d 775 (Fla. 2d DCA 1973). See generally H. Trawick, Florida Practice and Procedure § 21-2, p. 262 (1983 ed.). Service under rule 1.420(a)(1)(i) is to be accomplished in accordance with Florida Rule of Civil Procedure 1.080(b). Gull at 776, n. 1.
The question specifically presented by this case and not answered by rule 1.420 or any other rule or procedure is what effect should be given to a notice of voluntary dismissal which is not served upon at least one of the co-defendants, here Marine, who files cross-complaints against the remaining co-defendants unaware that the plaintiff is seeking a voluntary dismissal. First, it is well-settled that "[o]nly an entire action may be voluntarily dismissed under Fla.R.Civ.P. 1.420(a)(1); there can be no partial dismissal, no dismissal of less than all causes of action." E.g., Deseret Ranches of Florida, Inc. v. Bowman, 340 So.2d 1232 (Fla. 4th DCA 1976), cert. denied, 349 So.2d 155 (Fla. 1977). Second, Armco did not attempt to delete or withdraw less than all counts from the pleading by seeking an amendment to the pleadings pursuant to Florida Rule of Civil Procedure 1.190. E.g., Deseret Ranches; Shannon v. McBride, 105 So.2d 16 (Fla. 2d DCA 1958). Furthermore, Armco did not attempt to specifically "drop" from the action less than all parties named as co-defendants in the complaint. Hinton v. Iowa National Mutual Insurance Co., 317 So.2d 832 (Fla. 2d DCA 1975), cert. denied, 328 So.2d 842 (Fla. 1976). See also Fla.R.Civ.P. 1.250(b); Cooper v. Carroll, 239 So.2d 511 (Fla. 3d DCA 1970). Accordingly, we hold under the facts of this case that because the plaintiff sought to dismiss the entire action as to all parties the notice of dismissal could not be legally effective unless and until all named co-defendants were served with a copy of the notice of voluntary dismissal.[4] Requiring service on all defendants by a party seeking affirmative relief insures that all defendants are put on notice that the plaintiff has removed his case from the jurisdiction of the court and thus places all defendants in the same procedural posture with respect to preserving and protecting their legal rights.
Therefore, we hold the voluntary dismissal was a nullity and the trial court was not divested of jurisdiction over Armco's complaint because Marine was not served. Consequently, the trial court also had subject matter jurisdiction over Marine's cross-complaints which were timely filed against Progressive and Auto-Owners.[5] Additionally, fairness dictates that the statute of limitations as applied to these parties was tolled at the time of the inoperative voluntary dismissal taken by Armco on March 7, 1983. Thus, the parties are entitled to file other claims against one another if the actions are instituted within the appropriate time limits.
In summation, we nullify the effect of Armco's voluntary dismissal, direct the trial court to reinstate Armco's complaint and Marine's cross-complaints, and instruct the trial court to exercise jurisdiction over all other timely filed complaints regarding the construction project.
REVERSED and REMANDED for proceedings consistent with this opinion.
OTT, C.J., and LEHAN, J., concur.
NOTES
[1] Because Armco apparently did not name Morstar or the trustee as defendants in its complaint, they cannot technically be named and served by Marine as cross-defendants. However, we treat Marine's cross-complaints against Morstar and the trustee as third party complaints filed pursuant to Florida Rule of Civil Procedure 1.180. See Florida Rules of Civil Procedure 1.010, 1.110(a). Nevertheless, we are unable to determine whether our holdings herein can be applied to these party defendants because the record is unclear as to whether Marine properly served them under Florida Rules of Civil Procedure. Therefore, the trial court is directed on remand to resolve this apparently unanswered question. If the trial court determines the parties were properly served, it can exercise jurisdiction over these parties and Marine's causes of action against them.
[2] One possible exception is where the party taking the voluntary dismissal perpetrates a fraud on the court. Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089 (Fla. 3d DCA 1979).
[3] Under the former rule, filing of a notice of dismissal anytime before service by the adverse party of an answer or of a motion for summary judgment or decree was sufficient to automatically dismiss the action. Fla.R.Civ.P. 1.135 (1954). See generally Authors' Comments, West's Florida Statutes Annotated, Rule 1.420, Florida Rules of Civil Procedure (1967).
[4] The record indicates that Armco only served notice of its voluntary dismissal on Progressive; however, Auto-Owners, Progressive's surety and a party to the settlement, did not argue below that it did not receive notice of the dismissal.
[5] We note, however, that Armco is not precluded from filing on remand a notice of voluntary dismissal and having that notice treated as its first dismissal since a hearing on a motion for summary judgment has not been held. Should Armco's complaint be voluntarily dismissed on remand, the cross-complaints and any other timely filed complaints are to remain in effect for independent adjudication by the trial court.