STONE, Judge.
The attorney for appellant mailed a voluntary dismissal to the court on October 14th, and certified that a copy had been mailed to appellees’ counsel on that date. The court’s copy arrived and was filed by the clerk on October 17th.
Appellant’s attorney advised the office of appellees’ counsel by telephone on the 14th that the dismissal was being taken. Consequently, he did not attend a hearing for discovery violation sanctions on the following day, October 15th. At that hearing, the trial court entered a dismissal with prejudice as a sanction, entered judgment for appellees, and awarded attorney’s fees. It is undisputed that appellees’ attorney’s office was notified that the dismissal was being filed, and the court was advised accordingly. Nevertheless, the trial court denied appellant’s motion to set aside the sanctions.
Rule 1.080(b), Florida Rules of Civil Procedure, provides that service by mail is complete upon mailing. This provision governs the service of a notice of voluntary dismissal. Marine Contractors, Inc. v. Armco, Inc., 452 So.2d 77 (Fla. 2d DCA 1984). The trial court was therefore without jurisdiction to enter the order of October 15, 1986. See Randle — Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla.1978); Fla.R.Civ.P. 1.420(a).
The certification by counsel of service is prima facie evidence of the date of mailing. Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984); Fla.R.Civ.P. 1.080(f). There was no evidence to contradict appellant’s counsel. Thus, Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089 (Fla. 3d DCA 1979), is distinguishable. There are no findings nor conclusions in this case of fraud, deception, irregularities, nor any misleading of the court.
Accordingly, the order imposing sanctions dated October 15, 1985, and the final judgment dated December 4, 1985, are reversed and vacated. The cause is remanded for further proceedings.
DELL and GUNTHER, JJ., concur.