673 So.2d 959 (1996)
Jose TEJEDO, Appellant,
v.
SECRETARY OF VETERANS AFFAIRS, an Officer of the United States of America, Appellee.
No. 95-1279.
District Court of Appeal of Florida, Third District.
May 22, 1996.
Amador & Amador and Rolando A. Amador, Miami, for appellant.
Faber & Gitlitz and James D. Keegan, Coral Gables, for appellee.
*960 Before NESBITT, COPE and FLETCHER, JJ.
FLETCHER, Judge.
Defendant Jose Tejedo has appealed a summary final judgment requiring him to redeem certain real property as a lienor who was omitted as a party, through no fault of his own, from a mortgage foreclosure action filed in 1983 by the plaintiff Secretary of Veterans Affairs. We reverse as there remains a genuine issue of material fact as to the redemption amount that Tejedo is required to pay.
A lienor such as Tejedo who has been omitted from a mortgage foreclosure action can be compelled by a later action to exercise his right to redemption and, if he fails to redeem, be barred from claiming any lien or interest in or to the property. Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690 (1930). The amount which must be paid to accomplish such forced redemption is to be determined from the mortgage debt, not from the judgment of foreclosure, and the omitted lienor cannot be compelled to pay the costs or expenses of the foreclosure of the mortgage. Quinn, 129 So. at 693.
Thus, Tejedo is entitled to the equity of redemption at the amount he would have been required to pay if he had elected to redeem promptly upon the filing of the mortgage foreclosure complaint (case no. 83-2100-CIV-Davis in the United States District Court for the Southern District of Florida). Nowhere in the record do we find an affidavit or other document setting forth that amount. Indeed, the amount required by the trial court appears to be based on the final judgment in the 1983 foreclosure action (together with additional sums), in conflict with the holding in Quinn.
Accordingly, we reverse the summary final judgment and remand for further proceedings. The amount for redemption by Tejedo shall be that amount he would have been required to pay had he elected to redeem promptly upon the filing of the mortgage foreclosure complaint. Thecsuccess Corp. v. Graham, 577 So.2d 590 (Fla. 4th DCA 1991). The amount shall not include any interest subsequent to the filing of suit or any costs or expenses of suit.
Reversed and remanded for further proceedings in accordance with this opinion.