718 So.2d 936 (1998)
Armando DANIEL, Julio Caesar Daniel and Marlen Daniel, Appellants,
v.
FLORIDA RESIDENTIAL PROPERTY AND CASUALTY JOINT UNDERWRITING ASSOCIATION and Guy Brickman Insurance Agency, Appellees.
No. 98-9.
District Court of Appeal of Florida, Third District.
October 14, 1998.
*937 Robert J. Levine and Allan S. Reiss, Miami, for appellants.
James C. Kelley, Miami, for appellee Florida Residential Property and Casualty Joint Underwriting Association.
Katz, Barron, Squitero, Faust & Berman and Richard E. Berman, Miami, for appellee Guy Brickman Insurance Agency.
Before NESBITT, SHEVIN and SORONDO, JJ.
PER CURIAM.
Insureds appeal the final summary judgment entered in favor of their insurer and agent, denying insureds' claim for certain coverage after a fire and two robberies. We affirm in part, reverse in part, and remand for further proceedings.
According to the testimony below, Armando Daniel agreed to obtain mortgage financing for his son, Julio, and daughter-in-law, Marlen, for the purchase of a home in which the couple was to reside. The closing was conducted by MGM Title Company. Several days before closing, closing agent and President of MGM, Maria Garcia Sanchez, instructed her secretary, Maria Gonzalez, to transmit by facsimile a request for insurance coverage to insurance agent Guy Brickman. Although that request listed Armando Daniel as the homeowner, it also specifically provided: "the son is going to live [sic] the property." The application provided to Florida Residential Property and Casualty Joint Underwriting Association (JUA) by Brickman reflected that Armando was the owner of the home and that the home was to be used as his primary residence. The coverage thereafter issued listed Armando as the named insured.
In August of 1995 a fire broke out at the residence, in conjunction with a theft, and a second theft occurred while the home was vacated. Armando made a claim under his homeowner's policy for damage to the structure, damage to or loss of Julio and Marlen's personal property within the structure, as well as the couple's additional living expenses. The JUA determined that because Armando did not reside in the home, as provided in the policy, neither Julio nor Marlen were insureds. Thereafter, the Daniels filed the instant suit seeking to reform the policy to include Julio and Marlen as insureds and asserting that Julio and Marlen were intended third-party beneficiaries of the insurance contract. After discovery established that Armando had never resided in the home, JUA filed its Counterclaim for Rescission. The Daniels amended their complaint asserting a claim for negligence against both the insurer and agent for the failure to obtain appropriate insurance. Both sides sought summary judgment, which was granted in JUA and Brickman's favor.
We find unmeritorious the Daniels' claim as to their entitlement to reformation. Failure of a policy to express the intended contract of the parties must be occasioned by a mutual mistake, and a mistake on one side is no ground for reformation of a policy. See Rosenthal v. First National Fire Insurance Co., 74 Fla. 371, 77 So. 92 (1917). Likewise, the Daniels' claim of the couple's third party beneficiary status fails. A third party is an "intended beneficiary" of a contract only if the parties to the contract clearly express, or contract itself expresses, intent to primarily and directly benefit a third party or class of persons to which that third party claims to belong. See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1030 (Fla. 4th DCA 1994). We agree, however, that questions of fact preclude the summary judgment entered on the Daniels' claim of negligence for the failure to obtain appropriate insurance. We reverse and remand for further proceedings as to that issue.
A cause of action exists when an insurance agent negligently fails to obtain requested insurance. See State Farm Life Ins. Co. v. Bass, 605 So.2d 908 (Fla. 3d DCA 1992). Furthermore, generally, allegations of an agent's negligence are determined by the trier of fact. Here, it was for the trier of *938 fact to determine whether Brickman acted negligently in procuring the insurance requested by the Daniels, including the agent's actions in not inquiring why the closing agent was advising: "the son is going to live [sic] the property." Furthermore, a principal is responsible for the negligence of its agent, acting within the scope of the agency. See Robelo v. United Consumers Club, Inc., 555 So.2d 395 (Fla. 3d DCA 1989). JUA's representative testified that Brickman was JUA's agent, and there was at least some evidence that the insurer maintained control over the agent, i.e., required error and omissions insurance, required the agent to specifically follow its guidelines in binding coverage, and granted the agent binding authority. Thus as to this count, a claim remains as to both the agent and insurer, which should not have been determined as a matter of law by the trial judge.
Accordingly, the order under review is reversed as to the claim for negligence and remanded for further proceedings, the balance of the order is affirmed.