752 So.2d 129 (2000)
MIAMI-DADE COUNTY, Appellant,
v.
IMAGINE PROPERTIES, INC., Appellee.
No. 3D99-2073.
District Court of Appeal of Florida, Third District.
March 8, 2000.
Robert A. Ginsburg, Miami-Dade County Attorney, and Karon M. Coleman, Assistant County Attorney, for appellant.
Brad I. Schandler, Miami, for appellee.
Before COPE, SHEVIN and SORONDO, JJ.
SORONDO, J.
Miami-Dade County (County), appeals the lower court's summary final judgment of strict re-foreclosure entered in favor of Imagine Properties, Inc. (Imagine).
City National Bank (the bank) and the County provided back to back mortgages to homeowners Robert Molina and Gabriela Delgado. The bank was the first mortgage holder and the principal balance on its note and mortgage executed on December 25, 1995 was $44,900.
*130 Imagine asserts that prior to filing the initial foreclosure action, the bank's lawyer contacted the County and asked whether it would be redeeming, reinstating or paying off its mortgage. The bank's attorney was allegedly told by the County's representative that the County would not be doing so. Purportedly based upon this representation, the bank's attorney did not include the County when it filed an initial foreclosure action against the homeowners in July 1998. No evidence was presented below to substantiate this allegation.
At the time of the filing of the initial foreclosure complaint, the bank alleged that the amount due and owing under its note and mortgage was $43,961.75 in principal balance, $1,575.30 in interest and $310.39 in late charges (for a total of $45,847.44). Thereafter, the bank filed an unopposed motion for summary judgment and supporting affidavit seeking $46,591.84, asserting that the interest owed was $2,271.36 and the late charges were $358.73. The court added $1440 in attorney's fees and $731 in costs and granted summary judgment for a total of $48,762.84 on October 15, 1998.
Imagine was the highest bidder at the ensuing foreclosure sale, but the sale was withdrawn by the bank because the County was not served. Three days after the foreclosure sale was withdrawn, the bank assigned its mortgage to Imagine. On March 31, 1999, the lower court granted Imagine's motion to confirm the sale, which had alleged that the bank had inadvertently failed to include a junior lien holder in the foreclosure action. Shortly thereafter, Imagine filed a re-foreclosure action seeking to require the County to exercise its right of redemption or be forever barred. Imagine did not file a notice of lis pendens ancillary to the filing of its foreclosure complaint.
Imagine filed its motion for summary judgment of strict re-foreclosure and request for fees, along with supporting affidavits. The County opposed the summary judgment, declared its intent to redeem the property and opposed most of the costs, expenses and attorney's fees that Imagine was attempting to include in the redemption figure.
The trial court granted Imagine's motion for final summary judgment of strict re-foreclosure. The summary final judgment reflects an award of $52,874.53 which the County was required to pay in order to redeem the property, which included $1,274.53 for the 1998 taxes and $51,600 in "Principal balance on Note and Mortgage as of June 29, 1999."
The County argues that the trial court erred as a matter of law in ordering it, the second mortgage holder in the re-foreclosure action, to pay the final judgment, post judgment interest, and taxes in order to redeem when it was omitted from the first mortgage foreclosure. It argues that a second mortgage holder redeems for the amount it would have been required to pay if it redeemed promptly after filing of the first mortgage foreclosure action and is not required to pay costs associated with that foreclosure.
The County further argues that the trial court erred as a matter of law in failing to order that title to the underlying property be conveyed to the County upon exercising its right to redemption in the re-foreclosure action, because Imagine failed to file a lis pendens when it filed the re-foreclosure and intervening lienors may have burdened the property in the interim. On both arguments, we agree and reverse.
In Tejedo v. Secretary of Veterans Affairs, 673 So.2d 959, 960 (Fla. 3d DCA 1996), this Court stated that "[t]he amount which must be paid to accomplish such forced redemption is to be determined from the mortgage debt, not from the judgment of foreclosure, and the omitted lienor cannot be compelled to pay the costs or expenses of the foreclosure of the mortgage." Accordingly, the County should be able to redeem upon making payment in the amount of $45,847.44.
*131 As concerns the County's second argument, we agree that upon exercise of its right of redemption in the re-foreclosure action, Imagine must convey title to the County. This conveyance will be done by special warranty deed. See Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690 (1930).
Reversed and remanded with instructions.