774 So.2d 709 (1999)
SECRETARY OF VETERAN AFFAIRS, Appellant,
v.
Jose TEJEDO, Appellee.
No. 98-2113.
District Court of Appeal of Florida, Third District.
December 29, 1999.
Opinion on Rehearing October 18, 2000.
*710 Faber & Gitlitz and Stuart Gitlitz, Coral Gables, and James D. Keegan, Coral Gables, for appellant.
Amador & Amador and Rolando Amador, Miami, for appellee.
Before JORGENSON, GREEN and SHEVIN, JJ.
Opinion on Rehearing En Banc October 18, 2000.
SHEVIN, Judge.
The Secretary of Veteran Affairs, appeals an order setting a redemption amount in his action to compel Jose Tejedo to exercise his right of redemption. We affirm.
In Tejedo v. Secretary of Veterans Affairs, 673 So.2d 959 (Fla. 3d DCA 1996), Tejedo, an omitted lienor in a mortgage foreclosure action, appealed a summary final judgment that required him to redeem the property and set a redemption amount. Tejedo argued, and this court agreed, that there was insufficient record evidence to support the amount set. We reversed the summary judgment and remanded for the trial court to set the redemption amount. See Tejedo, 673 So.2d at 960. Thereafter, pursuant to this court's mandate, the court entered an order setting the amount.
We are not persuaded by the Secretary's argument that the order on review was entered in error because he had filed a motion for voluntary dismissal, or, alternatively, because he had paid into the court registry Tejedo's original judgment. This court's reversal of the summary judgment with instructions to set a redemption amount pursuant to appropriate evidence of same is not tantamount to an order denying summary judgment. In this case, the Secretary had obtained the affirmative relief sought in the action forcing the right of redemption. See, e.g. Select Builders of Fla., Inc. v. Wong, 367 So.2d 1089 (Fla. 3d DCA 1979). At this point in the proceedings, the voluntary dismissal was not well brought under Florida Rule of Civil Procedure 1.420.
Moreover, the Secretary's eleventh-hour decision to satisfy Tejedo's judgment lien and extinguish same was inconsistent with its prior posture forcing the redemption. Having elected to pursue the remedy of forcing the redemption, and having succeeded on that theory, see Tejedo, 673 So.2d 959, the Secretary could not alter its course of action at this late stage in the litigation and assert an inconsistent position. See Kaufman v. Lassiter, 616 So.2d 491 (Fla. 4th DCA), review denied, 624 So.2d 267 (Fla.1993). See also V.I.P. Real Estate Corp. v. Florida Executive Realty Management Corp., 650 So.2d 199, 200 (Fla. 4th DCA 1995)(estoppel bars assertion of inconsistent position in litigation where party succeeded with first position).
Contrary to the dissent's assertion, Tejedo, did not reverse a judgment such that the lower court's judgment never stood. Tejedo, 673 So.2d at 960, reversed solely because "there remain[ed] a genuine issue of material fact as to the redemption amount that Tejedo is required to pay." (Emphasis added.) The opinion reversed for further proceedings consistent with the mandate that Tejedo's redemption amount to be set "shall be that amount he would have been required to pay had he elected to redeem promptly upon the filing of the mortgage foreclosure complaint." Id. This did not undo the Secretary's success on his theory of redemption, as the only act remaining for the trial court was the establishment of a proper redemption amount. The parties were not returned to the "status ante." The summary judgment was not vacated in its entirety, and the voluntary dismissal motion was not properly brought.
By permitting the Secretary now to assert an inconsistent position by paying Tejedo's judgment, as the dissent would condone, Tejedo does suffer prejudice. Tejedo, through the oversight of the parties prosecuting the original foreclosure, was omitted from that action and had to engage in this protracted litigation to establish the Secretary's clear title to the *711 property at issue. The Secretary could have selected to pay off the judgment at an earlier date and save Tejedo this trouble. The Secretary chose, instead, to force Tejedo to exercise the right of redemption B an inconsistent position.
The trial court was bound by this court's mandate, and by the procedural posture of the case, to enter the order setting the redemption amount. We, therefore, affirm the order.
Affirmed.
GREEN, J., concurs.
JORGENSON, J., dissenting.
Because I believe that the Secretary's satisfaction of Tejedo's judgment lien and voluntary dismissal of the action were not inconsistent with his prior action to force the redemption, I respectfully dissent and would reverse and remand with specific directions to dismiss this action.
Although estoppel does bar the assertion of an inconsistent position, the first position must be successfully asserted for it to apply. See Olin's, Inc. v. Avis Rental Car Sys. of Florida, 104 So.2d 508 (Fla.1958); V.I.P. Real Estate Corp. v. Florida Executive Realty Management Corp., 650 So.2d 199, 200 (Fla. 4th DCA 1995). "A prior inconsistent position is not considered to have been successfully maintained by a party if it neither gave the party any advantage nor in any way disadvantaged the adverse party." V.I.P. Real Estate Corp., 650 So.2d at 200; see also Dimino v. Farina, 572 So.2d 552, 557 (Fla. 4th DCA 1990), disapproved of on other grounds by Babcock v. Whatmore, 707 So.2d 702 (Fla.1998). When a District Court reverses a judgment and remands for further proceedings, the cause stands as though the lower court had never rendered the reversed judgment. See Marshall & Spencer, Co. v. People's Bank of Jacksonville, 88 Fla. 190, 101 So. 358 (1924); Smith v. Smith, 118 So.2d 204, 206 (Fla.1960) (citing Stossel v. Gulf Life Ins. Co., 123 Fla. 227, 166 So. 821 (1936)); see also Sky Lake Gardens Recreation, Inc. v. Sky Lake Gardens No. 1, Inc., 602 So.2d 1319, 1321 (Fla. 3d DCA 1992) (Jorgenson, J., dissenting) ("When a ruling is reversed on appeal, the `cause after reversal stands as though no decree had been rendered.'") (citations omitted).
This Court reversed the summary final judgment in its entirety in Tejedo v. Secretary of Veterans Affairs, 673 So.2d 959, 960 (Fla. 3d DCA 1996): "we reverse the summary final judgment and remand for further proceedings." In its decision, this Court did not limit the reversal to a specific issue; it merely provided guidance to the lower court in how to set the redemption amount on remand. When this Court wants to reverse a judgment in part, it so states. See e.g., Daniel v. Florida Residential Property and Cas. Joint Underwriting Ass'n, 718 So.2d 936 (Fla. 3d DCA 1998); Puig v. Citicorp Life Ins. Co., 687 So.2d 852 (Fla. 3d DCA 1997). Because this Court did not explicitly state that the summary judgment was reversed only in part, the summary final judgment in Tejedo was reversed in its entirety.
The reversal of the summary judgment by this Court returned the parties to the status quo ante. That is, the Secretary did not succeed on his theory of redemption. Because the Secretary was not successful on that theory, his attempt in this action to voluntarily dismiss his action or satisfy Tejedo's original judgment is not an inconsistent position. Estoppel does not apply where there is not an inconsistent position.
Moreover, the Secretary's motion for voluntary dismissal did not disadvantage Tejedo. Pursuant to section 55.141, Florida Statutes, the full payment of Tejedo's judgment satisfied and discharged the claimed lien. Tejedo was not prejudiced: he received the full benefit of his judgment including all accrued interest amounting to almost three times the original judgment.
The court holds that the Secretary obtained affirmative relief and improperly *712 sought voluntary dismissal of the action after remand. I disagree. Florida Rule of Civil Procedure 1.420(a) permits voluntary dismissals at any time before a hearing on a motion for summary judgment. This court's reversal of the summary judgment restored the parties on remand to the position they occupied before the trial court's judgment. This court vacated the summary judgment; therefore, it is as if it never occurred. It follows that the prejudgment position is prior to a hearing. As the Secretary voluntarily dismissed before a hearing on a motion for summary judgment, it was permissible under Rule 1.420.
In Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089 (Fla. 3d DCA 1979), this court carved out an exception to a plaintiff's right to voluntarily dismiss an action under rule 1.420. However, the circumstances surrounding that case distinguish it from the present case. In Wong, the trial court granted the plaintiff its remedy. Id. at 1090. Later, the court entered an order vacating the previous order on the basis that the plaintiff perpetrated a fraud on the court. Id. To avoid this correction, the plaintiff attempted to file a voluntary dismissal. Id. The court focused on the appearance of fraud as the exception to the plaintiff's right to file a voluntary dismissal. Id. Here, there is no evidence that the Secretary's voluntary dismissal rises to the level of fraud on the court. See Bevan v. D'Alessandro, 395 So.2d 1285 (Fla. 2d DCA 1981) (filing voluntary dismissal where no affirmative relief has been received is not fraud on the court). Additionally, as explained above, the Secretary has not received any affirmative relief. Therefore, the Secretary is entitled to the benefits of rule 1.420(a).
I would reverse.
Before SCHWARTZ, C.J., and JORGENSON, COPE, LEVY, GERSTEN, GREEN, FLETCHER, SHEVIN, SORONDO and RAMIREZ, JJ.[1]

ON REHEARING EN BANC
SHEVIN, Judge.
We adhere to the panel opinion issued in this cause, but write to grant appellee Jose Tejedo further relief.
Following oral argument before the original panel in this appeal, this court learned that the Secretary of Veterans Affairs had disposed of the property in dispute. In fact, the property has changed hands and been resold since the Secretary's sale.
The facts in this case are as follows: In June 1982, Tejedo obtained a judgment lien against Juan Acosta, the record owner of real property encumbered by a mortgage held by the Secretary of Veterans Affairs. In May 1986, the Secretary obtained a final foreclosure judgment against Acosta. However, the Secretary neglected to include Tejedo, who held a lien on the property, as a defendant in the foreclosure action.
Seven years later, in May 193, the Secretary brought an action to force redemption against Tejedo, the omitted lienor in the foreclosure action. In 1995, the trial court entered a final judgment in the Secretary's favor compelling redemption.
In May 1996, this court issued Tejedo v. Secretary of Veterans Affairs, 673 So.2d 959 (Fla. 3d DCA 1996), reversing the summary judgment as to the redemption amount only and remanded for the trial court to set the appropriate redemption amount. This court agreed with Tejedo's argument that the amount set by the court was not supported by the record evidence.
After remand, in September 1996, the Secretary filed a notice of voluntary dismissal, asserting that this court's remand had returned the parties to their status ante, and, therefore, the Secretary was entitled to voluntarily dismiss the action. in October, Tejedo moved to compel discovery *713 to ascertain the appropriate redemption amount. In November, the Secretary filed a suggestion of mootness in the case.
While discovery was pending, in January 1997, the Secretary sold the subject property by quit claim deed to a third party but never advised the trial court or Tejedo of the sale. At the April hearing on the voluntary dismissal motion,the Secretary asserted that dismissal was appropriate because he had deposited the amount of Tejedo's original lien into the court registry. The court correctly denied the voluntary dismissal motion.
In September 1997, the property was sold yet again to other parties, again with no notice to Tejedo or the trial court. The hearing on Tejedo's motion to set the redemption amount was held in July 1998. The trial court and Tejedo, first learned of the sale at the conclusion of this hearing. Shortly thereafter, the trial court entered the order on appeal. Tejedo tendered to the Secretary the redemption amount set by the court.
We find that the Secretary's action, of selling the property at issue while the lawsuit he instigated, seeking redemption, was proceeding, amounts to mala fides and cannot be condoned. There was nothing in the record before the original panel in this appeal disclosing these sales. The record does not disclose whether the current titleholders are bona fide purchasers. Moreover, these persons are not parties in this dispute before us. However, this inquiry is inconsequential in view of the relief we grant herein.
An action to force a redemption is an action in equity. See Craig v. Wilder, 129 Fla. 327, 176 So. 148 (1937); Browne v. Browne, 17 Fla. 607 (1880). Parties must come to courts of equity with clean hands as equity does not condone concealment of affirmative misconduct. See generally Department of Revenue v. David, 684 So.2d 308 (Fla. 1st DCA 1996); Hoffman v. Foley, 541 So.2d 145 (Fla. 3d DCA 1989). The Secretary's behaviour has been antagonistic and reprehensible. As early as April 1997, at the hearing on his motion for voluntary dismissal, the Secretary could have alerted all concerned that the property had been sold the preceding January. Instead, the Secretary opted to withhold this vital piece of information on the fate of the subject property until over one year later, in July 1998, after the redemption amount had been set.
Based on the foregoing, we remand this cause and direct the trial court to grant Tejedo leave to amend this pleadings to seek as damage the difference between the fair market value of the property on January 14, 1997, the date of the Secretary's sale, and the redemption amount tendered by Tejedo, plus costs and fees.
We fashion this remedy as an equitable means of making Tejedo whole, while avoiding a new lawsuit involving the present property owners.
Remanded with instructions.
COPE, LEVY, GREEN, FLETCHER, and RAMIREZ, concur.
JORGENSON, Judge, dissenting.
I adhere to the views expressed in my original dissent to the panel opinion. Moreover, I write separately to express my view that the Secretary of Veterans Affairs did not engage in the level of misconduct so harshly characterized in the court's opinion. As I stated in my original dissent, there is no evidence that the Secretary perpetrated a fraud on the court or otherwise acted improperly.
I would reverse.
SCHWARTZ, C.J., and GERSTEN and SORONDO, JJ., concur.
NOTES
[1] Judge Goderich is recused.