RAMIREZ, J.
I respectfully dissent. Because an award of specific performance in favor of appellee Ted Fernandez would not achieve a just and fair result, I would reverse the final judgment entered in favor of Fernandez.
This case originates from a contract Fernandez entered into with the appel *150 lants Phil and Monique Gevas to purchase a newly constructed home. The case before us arises from a declaratory judgment action the sellers, the Gevases, filed against the buyer, Fernandez, for breach of contract just prior to the court’s confirmation of an arbitration award. Subsequent to the sellers’ dismissal of their claims in the declaratory action, a bench trial ensued on the buyer’s counterclaim for specific performance after which the court ordered specific performance in the buyer’s favor.
Preliminarily, a court that contemplates an order of specific performance must consider whether such a remedy would reach an unfair or unjust result, and if so, specific performance cannot be ordered. See Rybovich Boat Works, Inc. v. Atkins, 585 So.2d 270, 272 (Fla.1991). A party that seeks equitable relief must come to equity with clean hands. See Secretary of Veteran Affairs v. Tejedo, 774 So.2d 709, 713 (Fla. 1st DCA 1999). It could hardly be said that the buyer had clean hands, and can therefore avail himself of an equitable remedy.
Specifically, the contract entered into between the sellers and buyer contained numerous provisions, the most relevant of which provided for a closing date within ten days of the issuance of the certificate of occupancy. Additionally, the contract contained a time is of the essence clause, and prohibited the recordation of the contract. The contract also provided that, with the exception of disputes regarding entitlement to deposits, all disputes were subject to mandatory arbitration.
When disagreements arose between the parties over the construction of the home, the buyer invoked the arbitration clause of the contact. At arbitration, the buyer requested damages and specific performance.
Subsequent to the issuance of the certificate of occupancy, the sellers set a closing date of June 12, 2001. The buyer objected to the closing date because the arbitrators had not yet reached a decision. The sellers did not wish to extend the closing date as any delay would cause them to incur considerable damages. The buyer requested that the arbitrators delay the closing or escrow closing funds equal to the disputed claims. The sellers thereafter agreed to some type of escrow and insisted on the June 12 closing date.
The arbitrators ordered the closing to occur as scheduled, provided for an escrow of $950,000.00, and required that title be placed in escrow. The buyer, however, failed to tender the required payment and did not appear at the closing. The sellers then moved before the arbitrators to compel the buyer to close. The buyer continued to oppose the closing. The arbitrators declined to issue further rulings as to the closing issue.
The sellers declared the buyer in default. The sellers also offered to suspend a previous request for forfeiture of the deposit and offered the buyer an opportunity to close. After the buyer rejected the sellers’ documents as tendered, the sellers withdrew their offer to close, and renewed their demand for forfeiture of the deposit.
The arbitrators then held that the closing was beyond the scope of the arbitration proceeding. The arbitrators ordered that $950,000.00 be escrowed, and eliminated the earlier escrow-of-title requirement. The arbitrators subsequently issued then-award of $900,000.00 in the buyer’s favor and against the sellers, builder, and construction manager. The award did not contain any findings of fact.
The buyer thereafter requested that the sellers allow the full amount of the award as a credit against the closing price. The sellers did not accept the buyer’s proposal, *151 but they simultaneously expressed their willingness to close on the property. The buyer refused to close. Shortly thereafter, the sellers learned that the buyer had recorded the contract.
The trial court subsequently confirmed the award and entered judgment against the sellers, the builder, and the contractor. This Court affirmed the orders confirming the award.[1]
The majority holding overlooks the inequity that is born out of the buyer’s unclean hands. The buyer’s own conduct foments the unjust result that specific performance would cause. In this case, the buyer failed to timely close on the property (refused to close on June 12) and insisted on a delay of the closing. The buyer also failed to close subsequent to the arbitration order to close and continued his refusal to close even after the sellers moved to compel closing at arbitration. The buyer again refused to close after the sellers gave him an opportunity to do so. A buyer who does not close in a timely fashion is in default of the contract and is not entitled to specific performance. JNC Enters., Ltd. v. ICP 1, Inc., 777 So.2d 1182 (Fla. 5th DCA 2001).
Furthermore, a buyer who does not tender timely payment is not entitled to specific performance. See Robinson v. Abreu, 345 So.2d 404 (Fla. 2d DCA 1977). Here, at no time did the buyer tender the required down payment. Even if specific performance would be appropriate, it would be inequitable that the sellers had to maintain the property and pay all of the associated expenses during the pendency of the litigation.

. See Dasso v. Fernandez, 831 So.2d 714 (Fla. 3d DCA 2002).