# Third District Court of Appeal

## State of Florida

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2288
Lower Tribunal No. 16-17413
_____


**MST Corporation, etc.,**
Appellant,

vs.

**Caribe Insurance Agency Corporation,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Wasson & Associates, Chartered, and Annabel C. Majewski; and Mark Evans Kass, for appellant.

Koss Law Firm, P.A., and Jeremy A. Koss, for appellee.


Before EMAS, C.J., and LOGUE and LOBREE, JJ.

LOGUE, J.

In this foreclosure case, MST Corporation, as trustee of the MST-1888 Land Trust dated 09-25-15, ("MST") appeals the trial court's order granting Caribe Insurance Agency Corporation's ("Caribe") right of redemption. We conclude the trial court did not err in granting Caribe a right of redemption, and that the trial court correctly determined Caribe's amount of redemption based on the mortgage debt.

In March 2012, the holder of the first mortgage at the time initiated a foreclosure action to collect on its first mortgage. Unfortunately, Caribe, holder of a junior mortgage, was omitted from this original foreclosure action. A final judgment of foreclosure was entered on July 16, 2014 in the amount of $183,378.10. The property was sold at a judicial sale, and appellant MST was the successful bidder who acquired the property for $302,100.00. A certificate of title was issued on October 16, 2015 in MST's name.

Subsequently, in July 2016, Caribe sued to foreclose its junior mortgage in the principal amount of $63,989.24. MST counterclaimed to re-foreclose on the first mortgage alleging that any interest held by Caribe "is inferior to the interest of the mortgage foreclosed [by the first mortgage holder] and thus MST's interest in the subject property." MST specified that it was "entitled to a declaration [by the trial court] requiring [Caribe] as an inadvertently omitted junior lien holder to exercise its right of redemption of the subject property by paying MST the amount MST paid

to acquire the subject property at the foreclosure sale, $302,100.00 plus interest thereon and any additional amounts MST has expended on the property."

The trial court granted Caribe's motion for redemption on MST's reforeclosure counterclaim. It determined the redemption amount to be $183,378.10, gave Caribe 30 days to exercise its right of redemption, and ordered MST to deliver a quitclaim deed to Caribe within 10 days of receipt of payment. Caribe tendered a check with the redemption amount. This appeal followed.

On appeal, MST challenges Caribe's right to redeem in the amount set by the trial court. Florida law is well settled that junior mortgagees who were not joined in a foreclosure action retain the right of redemption. See Quinn Plumbing Co. v. New Miami Shores Corp., 129 So. 690, 692 (Fla. 1930) ("When a first mortgage has been foreclosed, and a junior incumbrancer has not been made a party, the decree is valid as to those who were joined as parties, but of course is not binding upon, nor does it in any wise affect, the rights of the junior mortgagee who has been omitted. The rights of such omitted person remain precisely as they were before the proceedings were instituted. They are neither enlarged nor diminished by the defective foreclosure. As to such omitted junior mortgagee the situation is the same as if no foreclosure had occurred.") (citations omitted).

As to the amount of redemption, the trial court correctly determined that Caribe is entitled to pay the redemption amount it would have been required to pay

if it had been joined in the 2012 foreclosure action and had elected to redeem promptly upon the filing of the first foreclosure. See Quinn Plumbing Co., 129 So. at 693 ("The junior incumbrancer redeems from the mortgage, not from the foreclosure sale to which he was not a party."); Tejedo v. Sec'y of Veteran Affairs, 673 So. 2d 959, 960 (Fla. 3d DCA 1996) ("The amount which must be paid to accomplish such . . . redemption is to be determined from the mortgage debt, not from the judgment of foreclosure, and the omitted lienor cannot be compelled to pay the costs or expenses of the foreclosure of the mortgage." (citing Quinn Plumbing Co., 129 So. 2d at 693)); Miami-Dade Cty. v. Imagine Props., Inc., 752 So. 2d 129 (Fla. 3d DCA 2000) (same).

Accordingly, the trial court's order granting Caribe its right to redeem the mortgaged property as an omitted junior mortgagee is affirmed in all respects.

Affirmed.