394 So.2d 202 (1981)
Ronda F. CHAPNICK, Relator,
v.
The Honorable Raymond J. HARE, Circuit Judge of the Seventeenth Judicial Circuit, Broward County, Respondent.
No. 80-1770.
District Court of Appeal of Florida, Fourth District.
February 18, 1981.
*203 Carey M. Fischer of Ferrero, Middlebrooks & Strickland, Fort Lauderdale, for relator.
No appearance for respondent.
HERSEY, Judge.
By petition for writ of mandamus, relator, Ronda F. Chapnick, requests this Court to intercede in proceedings originally commenced in the lower tribunal as a complaint for dissolution of marriage and for child custody.
The complaint was filed by the husband, David I. Chapnick. The court thereby obtained jurisdiction over the husband and jurisdiction over the wife and minor child was subsequently perfected. The wife filed a motion for temporary custody and additional pleadings, but she did not file a counterclaim.
Simultaneously with the Florida proceedings the parties were involved in litigation in the State of Maine, where the wife now resides, involving the same or similar issues. A determination was made under the Uniform Child Custody Jurisdiction Act that Florida was the appropriate state to exercise jurisdiction.
On motion of the husband in the Florida proceedings an order was entered granting him temporary custody for the period September 10, 1980 through September 22, 1980. That order provided in pertinent part:
E. To insure the return of the child to the State of Maine on September 22, 1980, Petitioner shall post a cash bond with the Clerk of the Court in the amount of $200.00, said bond being conditional upon the timely return of Jonathan Chapnick to the State of Maine as set forth herein.
F. Petitioner is advised to timely return the minor child under penalty of contempt of Court.
During the visitation period the husband filed a Notice of Voluntary Dismissal. Neither he nor the minor child have been heard from since.
The wife filed a Motion to Strike Notice of Voluntary Dismissal and Motion to Stay Entry of Judgment which was denied. A motion for rehearing on that motion remains pending.
Simultaneously with the motion for rehearing the wife filed a Motion for Contempt.
On October 17, 1980, relator filed her petition with this Court seeking to compel the lower tribunal to strike or vacate the voluntary dismissal "in order to properly assume jurisdiction of this cause, prevent a fraud on the court and provide for the welfare of the child."
On November 3, 1980, the lower tribunal entered an order holding the husband in contempt for refusal to return the child as required by the visitation order.
We note at the outset that mandamus is not available to review the appropriateness of an order. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957). It is not the proper remedy to correct errors of procedure or judgment. State ex rel. Hillman v. Hutchins, 158 So. 716 (Fla. 1935). The lower tribunal did not refuse to exercise its jurisdiction nor has it transgressed the boundaries of its authority in denying wife's motion to strike the Notice of Voluntary Dismissal.
It is neither a final order nor one of those non-final orders which may be appealed by virtue of Rule 9.130 of the Florida Rules of Appellate Procedure.
If review is obtainable at all it must therefore be by Certiorari.
Clearly the lower tribunal could not be divested of its jurisdiction over the subject *204 matter of the custody aspect of the proceedings by the husband's voluntary dismissal. Cooper v. Cooper, 194 So.2d 278 (Fla. 2d DCA 1967).
It is equally clear that the voluntary dismissal has no effect (and is therefore subject to being stricken) on the inherent power of the court to protect its integrity. Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089 (Fla. 3d DCA 1979) and cases there cited.
A party may not deprive the court of jurisdiction to enforce compliance with an order entered at the behest of that party. We would therefore order the notice of voluntary dismissal to be stricken but find it to be unnecessary in view of subsequent developments.
The lower tribunal by its order of November 3, 1980, entered after the commencement of these appellate proceedings, expressly recognized the continuance of its jurisdiction both with regard to the custody issue and in connection with violation of the court's order by the husband. This is very clearly enunciated in paragraph 5 of the order quoted verbatim here:
5. The Order that the Petitioner is alleged to have contemptuously violated is this Court's Order dated September 12, 1980 which directed the Petitioner to return the minor child of the parties to the State of Maine by September 22, 1980 under threat of contempt should he so violate said Order. As of this date, the Petitioner has not returned said child to the State of Maine. Instead thereof, he has filed a Notice of Voluntary Dismissal in this cause in attempting to divest this Court of its rightful jurisdiction over the welfare of the child and over the enforcement of its own Orders.
We therefore treat the Petition for Writ of Mandamus as one for Writ of Certiorari, which we deny for the foregoing reasons.
CERTIORARI DENIED.
LETTS, C.J., and BERANEK, J., concur.