412 So.2d 5 (1981)
Kenneth MARTINEZ, Petitioner,
v.
David DEMERS, County Judge, Respondent.
No. 81-2041.
District Court of Appeal of Florida, Second District.
December 4, 1981.
Robert E. Jagger, Public Defender, and D. William Venable, Asst. Public Defender, Clearwater, for petitioner.
James T. Russell, State Atty., and C. Marie King, Asst. State Atty., Clearwater, for respondent.
PER CURIAM.
Petitioner was charged with trespass after warning, a misdemeanor. Trial was set in the County Court of Pinellas County. Petitioner's appointed counsel filed a Motion for Sanity Inquisition pursuant to Florida Rule of Criminal Procedure 3.216(a). The respondent county judge entered an order denying the Motion for Sanity Inquisition stating as follows:
It is the ruling of this Court that said motion is sufficient on its face, and an expert would have been appointed had it not been for Administrative Order No. 55 issued by Robert E. Beach, Chief Judge of the Sixth Judicial Circuit on September 24, 1981 which provides:
It is ordered that henceforth all petitions for sanity inquisitions in misdemeanor cases shall be brought before the Criminal Administrator for determination.
The criminal administrator is a circuit court judge. Petitioner has filed a Petition for Writ of Mandamus alleging that the above-quoted administrative order violates the constitutional and statutory provisions giving misdemeanor jurisdiction to county courts and is not otherwise authorized. Respondent contends that the administrative order is authorized by Florida Rule of Judicial Administration 2.050(b)(4) which provides, in part, that "the chief judge [of a circuit] may assign any judge to temporary service for which the judge is qualified in any court in the same circuit." He argues that the administrative judge functions as an assigned county court judge when hearing motions for sanity inquisition in misdemeanor cases. Respondent further points out that Florida Rule of Judicial Administration 2.050(b)(5) permits the chief judge to designate an administrative judge "to assist with the administrative supervision of the court or division." Finally, respondent suggests that the order is a proper exercise of the responsibility for the economical operation of the courts within the circuit as illustrated by section 925.036, Florida Statutes *6 (1979), providing that the rate at which a special public defender is to be paid in all cases is set by the chief or senior judge in the circuit.
We perceive respondent's strongest argument in support of the administrative order to be the authority provided by Rule 2.050(b)(4). If this rule authorizes Administrative Order No. 55, then the constitutional and legislative jurisdictional problems are met because the administrative judge would be sitting as a county judge. However, we do not agree that Rule 2.050(b)(4) is authority for giving a portion of all misdemeanor cases (such as motions for sanity inquisitions) to a circuit judge. The rule contemplates assignment for "temporary service." The administrative order does not assign a particular judge for a limited amount of time.
Thus, Administrative Order No. 55 is invalid because it contravenes the jurisdictional authority of county judges. This Petition for Writ of Mandamus is granted to the extent that respondent shall rule on the merits of the Motion for Sanity Inquisition filed by petitioner.
BOARDMAN, A.C.J., and GRIMES and OTT, JJ., concur.