PER CURIAM.
Petitioner seeks a writ of prohibition to prevent respondent from proceeding in a child support enforcement action. Petitioner contends that respondent county judge does not have jurisdiction to hear the case because Administrative Order 84-7 is invalid.[1] The order directs that certain child support enforcement proceedings “shall be brought before County Judges Richard L. Hood ... Charles D. McClure, Hal S. McClamma and John E. Crusoe ...” and provides that “[t]he County Judges shall enter such orders and directives for the enforcement of the orders of the Circuit Court ... which shall be deemed by the County Judges to be lawful and proper

Petitioner contends that the administrative order is not a valid assignment of county judges to the circuit court bench, as authorized by Article V, Section 2(b), Florida Constitution, and Florida Rule of Judicial Administration 2.050(b)(4). Article V, Section 2(b) provides:
[The chief justice] shall have the power to ... delegate to a chief judge of a judicial circuit the power to assign judges for duty in his respective circuit.
Rule 2.050(b)(4) provides in part:
The chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit.
Petitioner contends that the administrative order does not assign county judges to the circuit court, but rather assigns a class of cases to the county court, and thus violates *238 Article V, Section 6(b), Florida Constitution, which states that the jurisdiction of the county court shall be as provided by general law. Respondent and the Department of Health and Rehabilitative Services (HRS), which appeared as amicus curiae, contend that the administrative order is a valid assignment of the named county judges to the circuit court pursuant to Rule 2.050(b)(4). HRS contends that there is no difference in practical effect between the assigning of county court judges to hear circuit court cases and the assigning of circuit court cases to county judges.
Although perhaps not a model to be followed, we think that the administrative order, in effect, assigns the named county judges to serve as circuit judges in certain child support enforcement cases. Martinez v. Demers, 412 So.2d 5 (Fla. 2d DCA 1981), cited by petitioner in support of his argument, is distinguishable. In that case, an administrative order was entered by the chief judge which provided that “all petitions for sanity inquisitions in misdemeanor cases shall be brought before the Criminal Administrator for determination.” The criminal administrator was a circuit court judge. The Second District held that the order was invalid, stating:
[W]e do not agree that Rule 2.050(b)(4) is authority for giving a portion of all misdemeanor cases (such as motions for sanity inquisitions) to a circuit judge. The rule contemplates assignment for “temporary service”. The administrative order does not assign a particular judge for a limited amount of time.
We find that the administrative order in the instant case does not contain the weaknesses of the administrative order under review in Martinez. In Martinez, the order was not considered a valid assignment of a circuit judge to the county court because: (1) the order did not assign any particular judge, and (2) the order was not for a limited period of time. These deficiencies do not exist in Administrative Order 84-7. The four specific county judges assigned to the circuit court are named, and the order is of limited duration; it automatically expires on September 1, 1984.
Petitioner argues that the order is not “temporary” because the assignments are for a six-month period. Petitioner asserts that the word “temporary” has meaning only when considered in relation to or in regard to a larger time. In relation to the “temporary” assignment of county judges to the circuit court, petitioner contends that the larger time period is the four-year term of office for county judges. He thus concludes that a six-month assignment cannot be temporary because it is equal to one-eighth of a county judge’s term. Further, petitioner suggests that this administrative order should be considered together with the prior administrative order, which assigned the same judges to act on the same type of cases, and the “temporary” assignment becomes a two-year assignment, one-half of a county judge’s term.
Although we agree with petitioner that an order of assignment could provide for a termination date and yet not be temporary, we believe that a six-month assignment falls within the term temporary as contemplated by Rule 2.050(b)(4). Further, because . there is nothing in the rule that prohibits successive orders of appointment, we do not think that the duration of prior assignments should be considered in determining whether the current assignment is temporary.
Therefore, we hold that Administrative Order 84-7 constitutes a valid assignment of the named county judges to the circuit court for the purposes mentioned, and we deny the petition for writ of prohibition. However,, we find that the issues presented by this petition are of great public importance, and therefore certify the following question:
Does Administrative Order 84-7 constitute a valid assignment of the named county judges to temporary service in the circuit court pursuant to Rule 2.050(b)(4), Fla.R.Jud.Admin.?
MILLS and WENTWORTH, JJ., concur.
BARFIELD, J., dissents with opinion.
*239 APPENDIX
IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT OF FLORIDA
OFFICE OF THE CHIEF JUDGE
ADMINISTRATIVE ORDER NO. 84-7
RE: Enforcement of Court-Ordered Child Support Cases
From the date of entry hereof, all hearings for enforcement of child support court orders, which have been entered by the Circuit Court of the Second Judicial Circuit of Florida and which have directed support payments to be made to and through the Child Support Section of the Office of the Sheriff of Leon County, Florida, shall be brought before County Judges Richard L. Hood of Gadsden County, Florida, and Charles D. McClure, Hal S. McClamma and John E. Crusoe of Leon County, Florida. Said County Judges shall furnish to the Child Support Section the days and hours when they shall be available for such hearings, and the personnel of the Child Support Section shall schedule the cases before the several judges and shall give appropriate notice thereof. The County Judges shall enter such orders and directives for the enforcement of the orders of the Circuit Court concerning child support, which shall be deemed by the County Judges to be lawful and proper and which shall be enforced accordingly. This order shall supersede Administrative Order No. 82-12 on the effective date hereof and shall expire without further order of this court on September 1, 1984.
Done and ordered in chambers at Tallahassee, Leon County, Florida, this 24th day of February, 1984.
Ben C. Willis
BEN C. WILLIS, CHIEF JUDGE
cc: The Honorable Richard L. Hood
The Honorable Charles D. McClure
The Honorable Hal S. McClamma
The Honorable John E. Crusoe
The Honorable Dozier Allen

. A copy of Administrative Order 84-7 is attached to this opinion as an appendix.