ERVIN, Chief Justice.
This is an appeal from two final orders of commitment for failure to comply with contempt orders. We reverse the orders, concluding that the trial court lacked jurisdiction to enter them.
In 1984, appellees Marie Rowls and Valerie Andrews each sought an order adjudging appellant in contempt of court for failure to pay child support. A joint hearing was held before Gadsden County Judge Richard L. Hood, rather than before a circuit court judge, pursuant to Administrative Order 84-7. That order, issued by then Chief Judge Ben Willis of the Second Judicial Circuit and effective from February 24 to September 1, 1984, directs that certain child support enforcement proceedings be brought before four named county judges, including Judge Hood. Administrative Order 84-7 further provides that the named county judges “shall enter such orders and directives for the enforcement of the orders of the Circuit Court ... which shall be deemed by the County Judges to be lawful and proper....”
After the April 1984 joint hearing, Judge Hood issued orders of contempt, finding appellant in arrears in the payment of child support to Marie Rowls and Valerie Andrews, and sentencing appellant to a jail term unless he paid a certain purge amount in each case. After appellant failed to pay either purge amount, Judge Hood issued the orders of commitment on appeal.[1]
Initially, we note that Administrative Order 84-7 has been superseded by Administrative Order 84-20. The latter is substantively identical to 84-7 and adds six months to the authorized time period. In Rowls v. Crusoe, 463 So.2d 237 (Fla. 1st DCA 1984) (on motion for rehearing granted), another panel of this court declared Administrative Order 84-20 to be invalid and thereupon prohibited county court judges from proceeding under that order. In its earlier, original opinion, the court had first concluded that 84-7 constituted “a valid assignment of the named county judges to the circuit court for the purposes mentioned”. 463 So.2d 237, 238 (Fla. 1st DCA 1984). On rehearing, however, and with the pleadings amended to include a challenge to 84-20, the court later held that the successive orders “are an attempt to confer jurisdiction on the county courts over matters which they have no constitutional authority to decide.” 463 So.2d 239. Bowing to the precedent established in Rowls on rehearing, we similarly hold that Judge Hood did not have jurisdiction on the ground that Administrative Order 84-7 was an invalid assignment of Judge Hood to the circuit court. As in Rowls, and pursuant to *634 Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the following question as being one of great public importance:
DO ADMINISTRATIVE ORDERS 84-7 AND 84-20 CONSTITUTE A VALID ASSIGNMENT OF THE NAMED COUNTY JUDGES TO TEMPORARY SERVICE IN THE CIRCUIT COURT PURSUANT TO RULE 2.050(b)(4), FLORIDA RULES OF JUDICIAL ADMINISTRATION?
REVERSED.
SMITH and NIMMONS, JJ., concur.

. Our resolution of this appeal precludes consideration of the other issue raised by appellant: Whether the commitment orders violated appellant's procedural due process rights.