FRANK, Judge.
In June of 1986, Ginsburg filed suit against two employees, Carney and Shepherd, based upon the belief they had conspired to misappropriate funds from his business. The disputed funds were in Carney’s possession; he transmitted the money to his attorney who in turn placed it in the court’s registry.
During the litigation, Ginsburg was ordered by the trial court to appear within thirty days for a deposition. A scheduling conflict arose and Ginsburg was unable to attend within the prescribed period. To avoid a violation of the trial court’s order, Ginsburg’s counsel filed a notice of voluntary dismissal without prejudice pursuant to rule 1.420(a)(l)(i) of the Florida Rules of Civil Procedure. Based specifically upon Ginsburg’s voluntary dismissal of the action, Carney filed a motion to withdraw the funds from the court’s registry. The trial court granted Carney’s motion and Ginsburg has appealed from that order. Notwithstanding Ginsburg’s procedural error in seeking to terminate the action through the filing of a notice of voluntary dismissal, that error does not redound to his detriment.
Rule 1.420(a)(1) of the Florida Rules of Civil Procedure provides that “[ejxcept in actions in which property has been seized or is in custody of the court, an action may be dismissed by plaintiff without order of the court....” The exception contained in the rule precludes the effective taking of a voluntary dismissal, where, as here, 'funds are in the custody of the court. See O’Sullivan v. City of Deerfield Beach, 232 So.2d 33 (Fla. 4th DCA 1970). Thus, the order permitting Carney to recapture the money from the court’s registry was a nullity. See Marine Contractors, Inc. v. Armco, Inc., 452 So.2d 77 (Fla. 2d DCA 1984).
The order granting Carney’s motion is vacated and this matter is remanded for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and LEHAN, J., concur.