ON APPELLEE’S MOTION TO TRANSFER

PER CURIAM.
Appellee, the State of Florida, moves this court to transfer this appeal to the circuit court. We deny the motion.
This is an appeal of a 1993 circuit court order finding appellant, Robert Wells, in indirect criminal contempt of court for violating an injunction for protection against domestic violence.[1]
The state contends that the circuit court erroneously heard the contempt proceedings because only the county court may *146 hear contempt proceedings pursuant to Administrative Order 92-48. Administrative Order 92-48, since superceded by local rule, provides that the circuit court will hear:
[a]ll charges of criminal contempt of injunctions for protection.
The Order also states that the county court shall hear:
Lajll misdemeanor charges, including criminal contempt, arising from the violation of [a domestic violence] injunction.
 An administrative order cannot alter the jurisdiction of the circuit court. First, Florida’s constitution authorizes the legislature to prescribe the jurisdiction of the circuit and county courts. Art. V, §§ 5(b), 6(b), Fla. Const. Second, Florida Rule of Judicial Administration 2.020(c) provides that an administrative order may not be inconsistent with the Constitution. An administrative order also may not contravene the jurisdictional authority of the courts. Martinez v. Demers, 412 So.2d 5 (Fla. 2d DCA 1981).
Third, section 741.30(9)(a), Florida Statutes (1993), grants the circuit court jurisdiction to enforce compliance with an injunction against domestic violence through civil or indirect criminal contempt proceedings. Administrative Order 92-48 may not alter the jurisdiction of the circuit court on section 741.30(9)(a) contempt proceedings.
Additionally, courts have inherent and statutory contempt power to punish for violation of a valid court order. § 38.22, Fla.Stat. (1993); R.M.P. v. Jones, 419 So.2d 618 (Fla.1982), overruled on other grounds, A.A. v. Rolle, 604 So.2d 813 (Fla.1992). The authority to punish for contempt lies with the court contemned. Graham v. State ex rel. McMurrough, 144 So.2d 97 (Fla. 2d DCA 1962). Here, the circuit court has jurisdiction to hear’ petitions for injunctions for protection against domestic violence. § 741.30(2)(a), Fla.Stat. (1993). Therefore, the circuit court is authorized to punish violations of its injunctions.
Because an administrative order may not deprive the circuit court of its jurisdiction to hear indirect criminal contempt charges pursuant to section 741.30(9)(a), and because each court has the power to punish con-tempts against it, we void the portion of Administrative Order 92-48 authorizing the county court to hear criminal contempt charges arising from an injunction violation.
We therefore hold that the circuit court properly exercised its jurisdiction to hear the contempt proceedings below and that appellate jurisdiction lies with this court. Accordingly, we deny appellee’s motion to transfer.
Motion to transfer denied.

. In 1994, the legislature eliminated indirect criminal contempt as a measure to enforce compliance with injunctions for protection against domestic violence, because "[i]t is the intent of the Legislature that domestic violence be treated as an illegal act rather than a private matter.” § 741.2901(2), Florida Statutes (Supp.1994).