751 So.2d 1291 (2000)
Maria E. PEREIRA, Petitioner/Appellant,
v.
Ibrahim SHANTI, Respondent/Appellee.
Nos. 3D00-768, 3D00-766.
District Court of Appeal of Florida, Third District.
March 30, 2000.
Richard B. Marx, Coconut Grove; Cynthia L. Greene, Miami, for petitioner/appellant.
Elizabeth S. Baker, Miami, for respondent/appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
PER CURIAM.
The wife appeals a non-final order granting temporary custody to the husband; she also petitions for a writ of prohibition. We deny the petition as moot and affirm the order on appeal.
Maria Pereira, the mother, and Ibrahim Shanti, the father, were married in 1995 in Miami and then moved to Jordan. Their son, now two, was born in Jordan. In July 1999, the mother and child came to Florida for a vacation; the mother had return tickets for both herself and the child and an agreement with the father to return to Jordan on that date. Two days before her scheduled return, the mother decided to remain here in Florida and filed an emergency petition for custody of the minor child. The trial court granted temporary custody to the mother pending a full evidentiary hearing. After the father learned that the mother intended to remain in the United States with their son, he obtained a Jordanian divorce. In December 1999, the father traveled to Miami and filed a verified petition for custody. He alleged that a custody action was pending in Jordan and sought an order that allowed him to return to Jordan with the child. After an eight-hour hearing, the trial court declined to exercise jurisdiction and awarded the father temporary custody for the purpose of returning the child to Jordan, his home state.
The trial court correctly decided that it had no jurisdiction to decide the custody issue under section 61.1308, Florida Statutes (1999), the Uniform Child Custody Jurisdiction Act. We construe the trial court's award of temporary child custody to the father as an order granting a *1292 writ of habeas corpus. The father has a superior right to temporary custody of the child because the mother breached an agreement to return to Jordan with the child after her visit to Miami. See Brown v. Tan, 395 So.2d 1249, 1252 (Fla. 3d DCA 1981) (after determination that it had no jurisdiction to determine custody, trial court correctly authorized the return of the child to the father where the mother failed to return the child as agreed); see also Crane v. Hayes, 253 So.2d 435, 440 (Fla.1971) ("habeas corpus is a proper proceeding to obtain custody of a child wrongfully withheld").
The trial court's order directing the mother to deliver physical custody of the child to the father for the return to Jordan is affirmed. Jordan, the child's home state, is the appropriate jurisdiction for custody proceedings. The stay of proceedings is hereby vacated, and the father is to take immediate custody of the child.
The Petition for Writ of Prohibition is denied as moot; order on appeal AFFIRMED.