777 So.2d 1160 (2001)
Marilyn Byrd TOBKIN, Wife, and Donald Alan Tobkin, Husband, Petitioners,
v.
STATE of Florida, Respondent.
No. 4D00-2204.
District Court of Appeal of Florida, Fourth District.
February 14, 2001.
*1161 Marilyn Byrd Tobkin and Donald Alan Tobkin, Hollywood, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Fort Lauderdale, for respondent.
STEVENSON, J.
This is a joint petition for writ of prohibition filed by the parties to an action for an injunction for protection against domestic violence and a subsequently-filed dissolution of marriage action. The parties have apparently reconciled and the petitioner-wife filed voluntary dismissals in both actions. Now, the parties have jointly filed this petition for writ of prohibition seeking to prevent the trial judge from continuing to exercise jurisdiction in the cases. Because the voluntary dismissal divested the court of jurisdiction to continue to act in the cases, we grant the petition.

Procedural history
On April 14, 2000, the wife, Marilyn Tobkin, filed a petition for an injunction against domestic violence, alleging physical and emotional abuse directed toward her by the husband, Donald Tobkin. The injunction action was assigned case number 00-6577, and a Broward county judge issued an ex parte temporary injunction against domestic violence on April 14, *1162 2000. The order gave the wife exclusive use and possession of the marital home and temporary custody of the children. The order on the temporary injunction required the parties to appear for a subsequent adversary hearing on April 28, which was to be held before Judge Cohen. Prior to the April 28 hearing, the wife filed a petition for dissolution of marriage and, in the petition, asked for an extension of the temporary injunction against domestic violence. The dissolution case was assigned case number 00-7266.
On May 12, 2000, Judge Korda held a hearing on the wife's motion for extension of the temporary injunction (filed under the dissolution case number) during which the wife, her attorney, Robert Schwartz, and the husband's attorney, Karen Amlong, were present. There is nothing in the record on appeal suggesting that the previously scheduled April 28 hearing on extension of the temporary injunction, which was scheduled in the injunction case (case # 00-6557), ever took place. At the May 12 hearing, the wife testified about the alleged domestic violence. The court inquired as to whether a petition for dissolution had been filed, and the wife's attorney informed the trial judge that the parties were "traveling on" the petition for dissolution. On May 17, the court entered an order bearing the dissolution case style and number, extending the temporary injunction, providing for supervised visitation for the husband with the children, and requiring both the husband and the wife to attend Glass House, a domestic violence center.
On May 26, the husband filed a motion in the dissolution case seeking to abate the dissolution and the domestic violence proceedings while the parties attempted "private" reconciliation. On June 6, the trial court entered an agreed order abating the proceedings for 90 days to allow for attempted reconciliation and suspending the temporary injunction, conditioned on the husband enrolling with the Glass House within 48 hours and completing the domestic batterers' course, and on both parties attending weekly counseling sessions. This June 6 agreed order was applicable to both the domestic violence injunction and the dissolution action. On the next day, June 7, the wife attempted to discharge her lawyer, Robert Schwartz, by "e-mail" communication and filed a pro se notice of voluntary dismissal of both the dissolution and the injunction actions. On June 8, after receiving the notice, the trial judge sent the wife's attorney a copy of the notice of dismissal along with a letter stating:
Enclosed please find a copy of a Notice of Voluntary Dismissal and letter dropped off at my office yesterday by your client.
Please advise your client, Ms. Tobkin, that the order to attend the Glass House I signed on Tuesday, June 6, 2000, is still in effect and shall be enforced on her and her husband.
Additionally, this case is not dismissable until all orders have been complied with.
On June 26, petitioners filed the present prohibition petition under the dissolution case number, asking this court for extraordinary relief prohibiting the trial judge from proceeding further in the actions. In particular, the petition challenged the trial judge's ability to hold a previously scheduled July 6, 2000 hearing on the husband's motion to disqualify the wife's counsel, and on the motion of the wife's counsel to withdraw. Although only the dissolution case number is used, the parties address both the dissolution and injunction cases.[1] And, the June 6 order agreed to by all the partiesthe trial court's enforcement of which petitioners are seeking to prohibit *1163 addresses both cases. On July 6, this court entered an order to show cause, which automatically stayed the trial court proceedings. See Fla. R.App. P. 9.100(h).
On July 18, 2000, subsequent to the issuance of the order to show cause by this court, the trial court entered an order of clarification of the June 6 order abating the injunction and dissolution actions. In this clarification order, the trial court indicated that despite the attempted voluntary dismissal of the domestic violence case, the parties would still be required to comply with the June 6 order in all respects, including both parties attending weekly counseling sessions and the husband enrolling in the batterers' intervention program. In their later-filed reply to the attorney general's response, the petitioners also challenge this order.
We agree with petitioners that the voluntary dismissals divested the trial judge of authority to continue with further proceedings on the wife's attorney's motion to withdraw, the husband's motion to disqualify the wife's counsel, and enforcement of the previously-ordered requirement of counseling and attendance at the spouse batterers' program. No permanent injunction requiring counseling or attendance at the Glass House was ever entered. Of course, a voluntary dismissal does not divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues. These ancillary matters would include unresolved contempt of court matters. See Wells v. State, 654 So.2d 145 (Fla. 3d DCA 1995).
The jurisdictional issue here is not one of subject matter jurisdiction, which the court clearly has.[2] Rather, the issue is whether the trial judge, after the voluntary dismissal in this case, still has the power to preside over this particular dispute between the parties. This court noted in T.D. v. K.D., 747 So.2d 456, 457 n. 2 (Fla. 4th DCA 1999), that the word "jurisdiction" ordinarily refers to "subject matter" or "personal" jurisdiction, but there is a third meaning ("case" jurisdiction) which involves the power of the court over a particular case that is within its subject matter jurisdiction. "Case" jurisdiction is involved here because the trial court clearly has jurisdiction over the subject matter. A writ of prohibition is the proper claim for relief in this case. See English v. McCrary, 348 So.2d 293, 296 (Fla.1977); Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982).

The dissolution action
There should be little doubt that the dissolution action may be voluntarily dismissed without leave of court. The wife's notice of dismissal was filed in accordance with Florida Rule of Family Procedure 12.420(a). That rule provides that dismissal of family-law actions shall be governed by Florida Rule of Civil Procedure 1.420. The latter rule provides in part:

(a) Voluntary Dismissal
(1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action.
Florida courts have determined that this right to dismiss is almost absolute. See Fears v. Lunsford, 314 So.2d 578 *1164 (Fla.1975); Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970); see also Perez v. Winn-Dixie, 639 So.2d 109 (Fla. 1st DCA 1994). An exception to this absolute right arises where the party taking the voluntary dismissal perpetrates a fraud on the court. See Select Builders of Fla., Inc. v. Wong, 367 So.2d 1089 (Fla. 3d DCA 1979). Another exception involves cases where the court has assumed jurisdiction and significant child custody issues are left unresolved. See Chapnick v. Hare, 394 So.2d 202 (Fla. 4th DCA 1981); Cooper v. Cooper, 194 So.2d 278 (Fla. 2d DCA 1967). In the present case, there is no indication that the petitioner wife is perpetrating a fraud on the court, and there are no unresolved or pending child custody issues involved. The wife had the right to voluntarily dismiss the dissolution action.

The domestic violence injunction action
The wife's right to voluntarily dismiss the action for a domestic violence injunction presents a thornier issue, but the result is the same. Section 741.30, Florida Statutes (1999), creates a private right of action for an injunction against domestic violence. Any person who is the victim of domestic violence as defined in the statute may file a sworn petition for an injunction for protection against domestic violence. See § 741.30(1)(a). The respondent must be personally served with the petition and notice of hearing. See § 741.30(4). Under circumstances where it appears that an immediate and present danger of domestic violence exists, the court may grant a temporary injunction, ex parte, pending the full hearing. See § 741.30(5)(a). After a hearing, the court has a number of options for relief for the petitioner, including but not limited to (1) restraining the respondent from committing any further acts of domestic violence, (2) awarding the petitioner the exclusive use and possession of the dwelling that the parties share, (3) awarding temporary custody of the children, and (4) ordering the respondent to participate in a batterers' intervention program. See § 741.30(6)(a)(c). The court may enter a temporary or final judgment on the petition for injunction against domestic violence. See § 741.30(6)(c). The petitioner or the respondent may move to modify or dissolve a temporary or permanent injunction for protection against domestic violence at any time. See § 741.30(9).
Although the legislative scheme favors criminal prosecution over contempt proceedings where a person violates a domestic violence injunction, the fact remains that section 741.30 creates a private "cause of action" resting with the victim. Compare §§ 741.2901(2) & 741.30(1), Fla. Stat. (1999). Domestic violence injunctions are governed by the Florida Family Law Rules of Procedure which provide for voluntary dismissal of actions through Florida Rule of Civil Procedure 1.420. See Fla. Fam. L.R.P. 12.010 & 12.420. Because the legislature has made a petition for injunction against domestic violence a private action, we conclude that this type of case may be voluntarily dismissed by the petitioner just like a dissolution, or any other civil action. In a civil case where a voluntary dismissal is entered, the trial court no longer has jurisdiction to act in the case. See Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68 (Fla.1978); Stone v. Stone, 691 So.2d 649 (Fla. 3d DCA 1997); Gonzalez v. Turner, 427 So.2d 1123 (Fla. 3d DCA 1983). As previously discussed, this case does not involve the situation where the court is obligated to assume jurisdiction because of its inherent responsibility for the custody and welfare of children. See Pereira v. Shanti, 751 So.2d 1291, 1291-92 (Fla. 3d DCA 2000); Brown v. Tan, 395 So.2d 1249, 1252 (Fla. 3d DCA 1981).
In conclusion, we hold that the trial court in the present case is without jurisdiction to proceed in either the dissolution or the injunction actions to the extent discussed in this decision. Under the statute as presently written, a victim retains the *1165 right, under general law and consistent with rules governing other civil cases, to dismiss the action for protection against domestic violence which he or she has voluntarily filed. It indeed may be wise policy to require court approval prior to allowing a petitioner to dismiss a petition for an injunction for protection against domestic violence. The petitioner-victim may be intimidated into dropping the case by threats or fear of the respondent. And, in view of these concerns, we invite the legislature and the Family Law Rules Committee to consider whether legislation and a special dismissal rule is needed in cases involving injunctions against domestic violence. Nevertheless, the law does not presently require such court-approval. Accordingly, the petition for writ of prohibition is GRANTED.
DELL, J., concurs.
GUNTHER, J., concurs in part and dissents in part with opinion.
GUNTHER, J., concurring in part and dissenting in part.
I would grant the petition in part and deny in part.
The trial court's June 6 order suspending the injunction and abating all proceedings for 90 days to allow for reconciliation was conditioned on the husband enrolling at Glass House within 48 hours to complete the domestic batterers' course and both parties attending weekly counseling sessions. In addition to the agreed order, the trial court on the same day, entered a modified form order suspending the injunction "pursuant to the same terms" as the agreed order.[3]
In their June 26 petition for writ of prohibition, the husband and wife challenge the trial judge's authority to hold hearings scheduled for July 6 on the husband's motion to disqualify the wife's counsel and the wife's counsel's motion to withdraw, but enforcement of the injunction was not mentioned. Both motions had been filed and set for hearing before the wife's voluntary dismissal was filed.
In the response to the petition, the attorney general argues that the parties cannot voluntarily dismiss the injunction, that the parties are simply attempting to avoid court-ordered counseling and attendance at Glass House, and that the trial court still has jurisdiction to enforce the injunction until it is either modified or dissolved by court order.
Petitioners reply that once the voluntary dismissal was filed, the trial court lacked jurisdiction over them and can no longer force their participation in court-ordered counseling or attendance at Glass House.
I agree with the majority that the voluntary dismissal divested the trial judge of authority to continue with further proceedings on the wife's attorney's motion to withdraw and the husband's motion to disqualify the wife's counsel. However, I disagree with the majority that the dismissal divested the trial judge of jurisdiction over the domestic violence action.
I agree with the majority that the question of whether the wife can voluntarily dismiss the injunction is a thornier issue. According to section 741.30(9), the petitioner or the respondent may move to modify or dissolve a temporary or permanent injunction for protection against domestic violence at any time. See § 741.30(9). I interpret section 741.30(9) as requiring court action before a previously entered injunction can be modified or dissolved.
I believe a court ordered injunction in this type of case should remain in effect *1166 until further order of court. Permitting the parties to simply file a voluntary dismissal to negate the injunction does not take into consideration the public policy behind the issuance of domestic violence injunctions in the first place.
When a criminal charge is initiated as a result of domestic violence, the battered person can refuse to testify; however, the decision of whether to prosecute remains with the state. See § 741.2901(2), Fla. Stat. (2000); State v. Wheeler, 745 So.2d 1094 (Fla. 4th DCA 1999) (citing McArthur v. State, 597 So.2d 406 (Fla. 1st DCA 1992)). Further, state attorneys are required to adopt pro-prosecution policies for acts of domestic violence. § 741 .28. Clearly, then, the law would favor continued prosecution if it was felt that the victim may need further protection from the batterer.
In a civil context, I believe our state's public policy on domestic violence is better served if the party or parties must file a motion with the court and obtain court approval to either modify or dissolve any domestic violence injunction. In this case, the trial court expressly conditioned the modification (suspension) on the parties' participation in counseling and the husband's enrollment at Glass House within 48 hours. These two conditions were not met by the parties, thereby leaving intact the temporary injunction entered earlier by the trial judge. In the meantime, the temporary injunction remains viable for enforcement by the trial court. Accordingly, I would deny the petition to prohibit the trial judge from enforcing the terms of the temporary injunction.
Moreover, I see this case as a situation where the court can continue to assume jurisdiction because of its inherent responsibility for the custody and welfare of children. See Pereira v. Shanti, 751 So.2d 1291, 1291-92 (Fla. 3d DCA 2000); Brown v. Tan, 395 So.2d 1249, 1252 (Fla. 3d DCA 1981). With regard to the welfare of children, the current wisdom is that children are very likely to suffer emotional and physical abuse, and are otherwise profoundly adversely affected, when they live in a home where domestic violence occurs.[4] Based on the sworn allegations and testimony in this case, the trial court is justified in being concerned with monitoring these parents in order to protect the welfare of their children. I commend the trial judge for his diligence.
In sum, I conclude the wife's voluntary dismissal in the dissolution case renders the trial court without jurisdiction to proceed in the dissolution and, accordingly, would grant the petition for writ of prohibition to that extent. However, I would deny the petitioners' request to prohibit the trial court from enforcing the temporary injunction. This is because the welfare of the children is in question and neither petitioner obtained an order modifying or dissolving the injunction as required by section 741.30(9).
NOTES
[1] Florida Statutes section 741.30(1)(a) provides that in the event an action is filed under chapter 61 while an action for injunction for protection against domestic violence is pending, orders entered in the dissolution case will take precedence over inconsistent provisions in any injunction order which addresses matters governed by chapter 61.
[2] Subject matter jurisdiction being the power of a court to adjudicate the type of case before it. See Bell v. Kornblatt, 705 So.2d 113, 114 (Fla. 4th DCA 1998).
[3] The form order is entitled ORDER OF DISMISSAL OF TEMPORARY INJUNCTION FOR PROTECTION AGAINST () DOMESTIC VIOLENCE () REPEAT VIOLENCE. The trial court, in modifying the injunction, crossed out DISMISSAL and wrote SUSPEND in the title, crossed out "voluntarily dismiss" and substituted "suspend," and replaced "dismissed without prejudice" with "abated for 90 days pursuant to terms of order entered this date."
[4] Amy Haddix, Comment, Unseen Victims: Acknowledging the Effects of Domestic Violence on Children Through Statutory Termination of Parental Rights, 84 Cal. L.Rev. 757, 788-794 (1996) (citing Peter G. Jaffe et al., Children of Battered Women 18-19; John W. Fantuzzo and Carol U. Lindquist, The Effects of Observing Conjugal Violence on Children: A Review and Analysis of Research Methodology, 4 J. Fam. Violence 77, 78, 81-85 (1989)).