WELLS, Judge.
Hana Sargi appeals from an order granting habeas corpus relief to her husband, Ali Hernandez, ordering her to hand over their children to Hernandez. We quash the writ issued below.
Sargi, Hernandez, and their two children, a girl, age 5, and a boy, age 7, are residents of Saudi Arabia.[1] At the end of an extended family vacation to Florida, Sargi refused to return to Saudi Arabia and the day before the family’s scheduled return, served Hernandez with a temporary injunction for protection against domestic violence. Following an evidentiary hearing, the injunction was dissolved and Sargi’s petition dismissed.
Hernandez then petitioned for a writ of habeas corpus to order production of the children so that he could return with them to Saudi Arabia. The trial court concluded that it had no jurisdiction under Chapter 61 of the Florida Statutes, to enter a temporary custody award because there was no evidence of abuse, abandonment or neglect, and that Saudi Arabia, the home state of all of the parties, was the appropriate forum to adjudicate custody matters. See § 61.517(1), Fla. Stat. (2005) (conferring temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse, to award temporary custody); §§ 61.1302-61.1348, Fla. Stat. (2005). Relying on Pereira v. Shanti, 751 So.2d 1291, 1291-92 (Fla. 3d DCA 2000), the court nonetheless concluded that it enjoyed jurisdiction to issue a writ of habeas corpus and ordered Sargi to immediately deliver custody of the *181 children to Hernandez. It enjoyed no such authority.
“There is no question but that habeas corpus is a proper proceeding to obtain custody of a child 'wrongfully withheld.” Crane v. Hayes, 253 So.2d 435, 440 (Fla.1971) (citations omitted); Lee v. Meeks, 592 So.2d 282, 285 (Fla. 1st DCA 1991) (same). In this case, there is no evidence that the children were being “wrongfully withheld.”
There is no evidence that a proceeding has ever been brought by either Sargi or Hernandez in Saudi Arabia or otherwise regarding custody of their children. Nor is there evidence of a custody agreement between these parties. Thus, at present, there exists no more than a disagreement between two parents as to whether and when their children will end their stay in this country. Under the circumstances, habeas relief was improper. See Stock v. Stock, 677 So.2d 1341, 1347-48 (Fla. 4th DCA 1996) (observing “habeas corpus was an improper remedy because there had not been a prior legal determination as to custody”); Newman v. Hornsby, 370 So.2d 1165 (Fla. 4th DCA 1979) (rejecting mother’s petition for habeas relief after concluding that evidence was not sufficient to demonstrate that child was being illegally detained by natural father or that child’s presence in court was necessary for “determination of custody entitlement”).
The trial court’s reliance on Pereira is misplaced. In Pereira, we confirmed that although the trial court had no jurisdiction under the Uniform Child Custody Jurisdiction Act to award temporary custody, it could affect custody via a habeas writ where jurisdiction had been properly exercised by a foreign court and where the parties had previously agreed as to where the child was to live. See also Brown v. Tan, 395 So.2d 1249, 1251 (Fla. 3d DCA 1981) (enforcing via habeas relief an established custody agreement between divorced parents).
There is no such agreement to “enforce” in this case, nor is any other court exercising authority over these children. At present the parents are engaged in a disagreement over whether and when the children will go home. Under current conditions, habeas relief was inappropriate.
Accordingly, we quash the writ ordered below.

. According to Hernandez, the children are U.S. Citizens.