NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| H. RAY BADEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2D18-1726 |
| | ) | |
| STEVEN CHRISTOPHER BADEN, | ) | |
| individually and as cotrustee | ) | |
| of the Baden Irrevocable Trust | ) | |
| 2012; VIRGINIA BADEN, individually | ) | |
| and as cotrustee of the Baden | ) | |
| Irrevocable Trust 2012; | ) | |
| JOANNA BADEN, | ) | |
| individually and as cotrustee of the | ) | |
| Baden Irrevocable Trust 2012; | ) | |
| ANNE-MARIE GROOMS; CORY RAY | ) | |
| BADEN; ELIZABETH BADEN | ) | |
| KNOWLES; | ) | |
| JAMES ALBERT KNOWLES; | ) | |
| MATTHEW BADEN RUGGERIO and | ) | |
| SARAY, INC., a Florida Corporation, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Opinion filed November 14, 2018.

Petition for Writ of Prohibition to the
Circuit Court for Manatee County;
Gilbert A. Smith, Jr., Judge.

Gregory J. Porges and Mary R. Hawk of
Porges, Hamlin, Knowles & Hawk, P.A.,
Bradenton, for Petitioner.

Heather A. Degrave of Walters, Levine
& Lozano, Tampa, for Respondents
Virginia and Joanna Baden.

No appearance for remaining
Respondents.

BADALAMENTI, Judge.

H. Ray Baden seeks a writ of prohibition to prevent the trial court from further acting without jurisdiction in a lawsuit he filed involving the Baden Irrevocable Trust-2012 (the Trust), an irrevocable trust he settled with his now deceased wife. The trial court struck as a nullity his notice of voluntary dismissal filed pursuant to Florida Rule of Civil Procedure 1.420(a)(1). We grant the petition and quash the trial court's order striking his notice of voluntary dismissal because Mr. Baden's filing of the notice of voluntary dismissal divested the trial court of jurisdiction to issue orders or otherwise proceed with the underlying case initiated by Mr. Baden.

Mr. Baden and his late wife were settlors of the Trust. Under the terms of the original Trust, each of their three adult children was a thirty percent beneficiary and cotrustee. Mr. Baden's grandchildren were also beneficiaries, making up the remaining ten percent. Since the establishment of the Trust, two of Mr. Baden's children ("the daughters"), respondents here, have been disputing with Mr. Baden and their brother over the handling of the Trust's assets.

Two years after settling the Trust, Mr. Baden filed a seven-count amended complaint. All counts relating to the Trust in Mr. Baden's operative complaint were resolved by the parties by a stipulated agreement reached in late 2014. The remaining three counts were unrelated to the Trust. Those remaining counts alleged that each of

Mr. Baden's three children had neglected to repay him for various monies he had loaned to them.

As part of the parties' stipulated agreement to resolve Mr. Baden's Trust-related claims, Mr. Baden's three children agreed to be replaced by a successor trustee. That successor trustee has since been replaced by a second successor trustee. In all events, on December 12, 2014, the trial court accepted the parties' stipulation in its entirety and rendered an order titled "Partial Final Judgment for Judicial Modification of the Baden Irrevocable Trust-2012." The trial court concluded the partial final judgment with this statement: "The [c]ourt shall retain continuing jurisdiction to supervise the [Trust] pursuant to [section] 736.0201[, Florida Statutes, 2017]." The only counts remaining from Mr. Baden's operative complaint were those related to loans his three children allegedly failed to repay him.

But this stipulation disposing of all Trust-related counts in Mr. Baden's operative complaint did not put a stop to the Trust-related litigation. Rather than initiating a new case in the trial court, the successor trustee filed several motions in the underlying case initiated by Mr. Baden. Since the establishment of the 2012 Trust, the assets have steadily depleted. Based on the limited record before us, the Trust has cash assets of somewhere between $269,000 and $400,000, all of which were deposited into a bank account by the second successor trustee. Most recently, the daughters have urged the second successor trustee to bring an action against Mr. Baden—again, within the still-open case he initiated—concerning certain intellectual property of which the status as a trust asset is disputed by the parties. But the second successor trustee has been reluctant to do so. Consequently, the daughters instead

asked the trial court to order the second successor trustee to do something the second successor trustee already advised them he would not do.

In what seems to have been an attempt to extricate himself from further litigation in the case he initiated and is currently before us, Mr. Baden filed a notice of voluntary dismissal of the operative complaint's remaining three counts (for the debts his three children had not yet repaid him) pursuant to Florida Rule of Civil Procedure 1.420(a)(1). But his attempt to voluntarily dismiss what was left in the case he initiated was to no avail. Specifically, the trial court entered a sua sponte order rejecting Mr. Baden's notice of voluntary dismissal, ruling that it was a "legal nullity." In rejecting Mr. Baden's notice of voluntarily dismissal, the trial court first noted that it had retained jurisdiction pursuant to section 736.0201 to supervise the Trust in the partial final judgment it entered on December 12, 2014, where the parties agreed to dismiss all of the Trust-related counts set forth in Mr. Baden's operative complaint. The trial court further ruled that it maintained jurisdiction over the Trust pursuant to Florida Rule of Civil Procedure 1.420(a)(1) because the second successor trustee of the Trust is "under [its] direction, supervision and control," and the funds deposited by the second successor trustee in a bank account are therefore "in the custody of the Court." Mr. Baden's petition for writ of prohibition followed.

We start with a determination of our jurisdiction in this original proceeding. "Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction." Mandico v. Taos Constr., Inc., 605 So. 2d 850, 853 (Fla. 1992). As explained by the Fourth District, prohibition is the appropriate vehicle for challenging,

- 4 -

as was done here, the trial court's jurisdiction to continue to exercise jurisdiction over a case after the plaintiff has filed a notice of voluntary dismissal pursuant to rule 1.420(a)(1):

> [T]he issue is whether the trial judge, after the voluntary dismissal in this case, still has the power to preside over this particular dispute between the parties. . . . [T]he word "jurisdiction" ordinarily refers to "subject matter" or "personal" jurisdiction, but there is a third meaning ("case" jurisdiction) which involves the power of the court over a particular case that is within its subject matter jurisdiction. "Case" jurisdiction is involved here because the trial court clearly has jurisdiction over the subject matter. A writ of prohibition is the proper claim for relief in this case.

Tobkin v. State, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001) (citation omitted).[1]

Having established our prohibition jurisdiction, we now turn to the applicability of the Florida Rules of Civil Procedure in judicial proceedings concerning trusts. Subject to exceptions not relevant here, "judicial proceedings concerning trusts" are governed by the Florida Rules of Civil Procedure. § 736.0201(1).[2] Florida Rule of Civil Procedure 1.420(a)(1) authorizes a plaintiff to voluntarily dismiss his action or claim without order of the court at any time before a hearing on motion for summary judgment "[e]xcept in actions in which property has been seized or is in the custody of the court" as follows:

---

[1]Certiorari has also been used in the context of the trial court's rejection of a voluntary dismissal filed pursuant to rule 1.420(a)(1). See Sun First Nat'l Bank of Delray Beach v. Green Crane & Concrete Servs., Inc., 371 So. 2d 492 (Fla. 4th DCA 1979) (using certiorari to quash an order reinstating a lawsuit after the plaintiffs had filed a notice of voluntary dismissal pursuant to rule 1.420(a)(1)). Because we are acting to prevent further action by the trial court rather than to correct action taken by the court, see English v. McCrary, 348 So. 2d 293, 296–97 (Fla. 1977), we decide this case in prohibition, as set forth in Mr. Baden's petition.

[2]Chapter 736, Florida Statutes, is the Florida Trust Code. § 736.0101.

> Except in actions in which property has been seized or is in the custody of the court, an action, a claim, or any part of an action or claim may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision . . . .

(Emphasis added.)

Our supreme court has determined that the effect of a plaintiff's notice of voluntary dismissal "under rule 1.420(a) is jurisdictional," Pino v. Bank of N.Y., 121 So. 3d 23, 32 (Fla. 2013), and that the right to dismiss is "almost absolute," Tobkin, 777 So. 2d at 1163. The Pino court reasoned that a "voluntary dismissal serves to terminate the litigation, to instantaneously divest the court of its jurisdiction to enter or entertain further orders that would otherwise dispose of the case on the merits, and to preclude revival of the original action." 121 So. 3d at 32. Thus, if we determine that the Florida Rules of Civil Procedure apply here, we would next need to decide whether the trial court erred by rejecting Mr. Baden's notice of voluntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(a)(1). In their reply to Mr. Baden's petition, the daughters defend the trial court's reasoning and argue that they can defeat Mr. Baden's "almost absolute" ability to dismiss his own lawsuit for multiple reasons.

We construe the language of a statute or rule in accord with its plain and ordinary meaning. See Brown v. State, 715 So. 2d 241, 243 (Fla. 1998) ("Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules. Thus, when the language to be construed is unambiguous, it must be accorded its plain and ordinary meaning." (citations omitted)). "Legal text 'should be interpreted to give effect to every clause in it, and to accord meaning and

harmony to all of its parts.' " Boatright v. Philip Morris USA Inc., 218 So. 3d 962, 967 (Fla. 2d DCA 2017) (quoting Jones v. ETS of New Orleans, Inc., 793 So.2d 912, 914–15 (Fla. 2001)).  If a "statutory provision appears to have a clear meaning in isolation, 'but when given that meaning is inconsistent with other parts of the same statute or others in pari materia, the [c]ourt will examine the entire act and those in pari materia in order to ascertain the overall legislative intent.' " Id. (alteration in original) (quoting Fla. State Racing Comm'n v. McLaughlin, 102 So. 2d 574, 575–76 (Fla. 1958)).  Indeed, "[w]henever possible, we must avoid construing legal text as 'mere surplusage.' " Id. (quoting Hechtman v. Nations Title Ins. of N.Y., 840 So. 2d 993, 996 (Fla. 2003)).

Against this backdrop, we first address the daughters' argument that section 736.0201 affords the trial court discretion to maintain ongoing jurisdiction of the action their father brought and attempted to voluntarily dismiss.

The plain and unambiguous language of section 736.0201(1) mandates that, with three exceptions not relevant here, judicial proceedings concerning trusts shall be governed by Florida Rules of Civil Procedure as follows: "Except as provided in subsections (5) and (6) and s. 736.0206, judicial proceedings concerning trusts shall be commenced by filing a complaint and shall be governed by the Florida Rules of Civil Procedure."  § 736.0201(1) (emphasis added).  Thus, the legislature has set forth in no uncertain terms that, absent the exceptions found in subsections (5) and (6) and section 736.0206, the judicial proceedings shall be bound by the Florida Rules of Civil Procedure.

The trial court, however, set forth an additional exception, separate from those enumerated by the legislature, to the mandatory application of the Florida Rules

of Civil Procedure pursuant to section 736.0201. That is, the trial court ruled that it maintained jurisdiction over Mr. Baden's operative complaint pursuant to subsection 736.0201(3), which states that "[a] trust is not subject to continuing judicial supervision <u>unless ordered by the court</u>." (Emphasis added.) Relying on that provision, the trial court reasoned that Mr. Baden's notice of voluntarily dismissal of the operative complaint was a nullity because it had retained jurisdiction over the trust in its December 2014 partial final judgment resolving the trust-related counts in Mr. Baden's operative complaint. We reject the notion that subsection (3) somehow renders inapplicable the legislature's mandate that the Florida Rules of Civil Procedure "shall" apply in this context. The exceptions, set forth by the legislature in subsections 736.0201(5) and (6) and section 736.0206, are wholly irrelevant to what we have here.[3] It would render subsection (1), where the legislature explicitly identifies the three exceptions, wholly superfluous if we interpret subsection (3) in isolation, as the daughters suggest.

Subsection (3) merely provides the trial court the discretion to continue supervision of a trust. It does not, and cannot, nullify subsection (1)'s mandate as to the applicability of the Florida Rules of Civil Procedure. This would make little sense. As we explained earlier, if a statutory provision "appears to have a clear meaning in

---

[3]Subsections 736.0201(5) and (6) are inapplicable here. Subsection 736.0201(5) relates to the construction of testamentary trusts, which are governed by the Florida Probate Rules. See § 736.0201(5). Subsection (6) relates to the application of a particular Florida Rule of Civil Procedure, rule 1.525, in certain circumstances. See § 736.0201(6). The legislature set forth a third exception to the mandatory application of the Florida Rules of Civil Procedure in section 736.0201(1). But section 736.0206 is also inapplicable here, as it relates to proceedings initiated to review the employment of agents and compensation of trustees and employees of a trust.

isolation, 'but when given that meaning is inconsistent with other parts of the same statute or others in pari materia,' " we must examine "the entire act and those in pari materia in order to ascertain the overall legislative intent." Boatright, 218 So. 3d at 967 (alteration in original) (quoting McLaughlin, 102 So. 2d at 575–76). Reading these subsections of the same statute together so as to not render subsection (1)'s enumerated exceptions as superfluous, as we must, yields the conclusion that section 736.0201(3) does not provide a means for the trial court to sidestep section 736.0201(1)'s mandate that the Florida Rules of Civil Procedure section "shall" apply. See id. ("Whenever possible, we must avoid construing legal text as 'mere surplusage.' " (quoting Hechtman v. Nations Title Ins. of N.Y., 840 So. 2d 993, 996 (Fla. 2003))). And section 736.0201(3) certainly does not permit the daughters or the trustee to keep Mr. Baden's lawsuit pending so that the trustee may file claims, motions for guidance, and so on.[4] Of course, the legislature has provided an avenue for a party to the trust to file his or her own separate action consistent with the Florida Trust Code. See generally § 736.0201(4). But that is not the case before us.

We next address the daughters' argument that the exception identified in the opening clause of rule 1.420(a)(1) prevented Mr. Baden from voluntarily dismissing his own lawsuit. The rule provides that the plaintiff may dismiss a lawsuit without an order of the court "[e]xcept in actions in which property has been seized or is in the

---

[4]One scenario in which a trust case would presumably be permitted to remain open, assuming court approval, would be when a trustee initially seeks instruction of the court pursuant to section 736.0201(4)(e) ("A judicial proceeding involving a trust may relate to the validity, administration, or distribution of trust, including proceedings to . . . (e) . . . instruct trustees . . . .") and also requests that the case remain open in anticipation of issues likely to arise in the short or medium term.

custody of the court." Fla. R. Civ. P. 1.420(a)(1). In its sua sponte order striking Mr. Baden's notice of voluntary dismissal, the trial court ruled that "[t]he successor trustee of the [trust] is under this [c]ourt's direction, supervision and control and therefore the funds being held by the successor trustee are in the custody of this [c]ourt" such that the court "continues to retain jurisdiction to supervise the [trust] and the successor trustee."

The basis for this conclusion was the daughters' contention that the phrase "custody of the court" should be taken to encompass the control of the court, as opposed to merely the court's custody over funds deposited in the court registry. The daughters rely on Black's Law Dictionary, where "custody" is defined as "[t]he care and control of a thing or person for inspection, preservation, or security." Custody, Black's Law Dictionary (8th ed. 2004). The daughters contend that because the trial court had previously issued orders granting or denying the trustee's motions for authorization to engage in transactions with trust assets, as well as orders providing direction to and placing limitations on the trustee beyond the trustee's powers and limitations defined in the trust instrument,[5] the trust assets are in the "custody" of the court.

Other than Black's Law Dictionary, the daughters identify no authority to support their contention that this expansive view of "custody of the court" applies in the context of rule 1.420(a)(1). They cite to Ginsburg v. Carney, 514 So. 2d 1153, 1154 (Fla. 2d DCA 1987), which restates the rule: "The exception contained in the rule precludes the effective taking of a voluntary dismissal, where, as here, funds are in the

_____

[5]For example, in its April 20, 2015, "order setting forth trustee's powers and authority and procedure," the court, in addition to reciting verbatim the provisions of the Trust Code and trust instrument delineating the trustee's authority, directed that the trustee must communicate to the parties any plans to engage in trust-related transactions involving more than $5000 or any activity involving a land use application.

custody of the court." Ginsburg, however, is readily distinguishable from what we have here. The funds in Ginsburg had been deposited in the court registry. Id. Here, the value of the cash owned by Trust, based on the limited record before us, is between $269,000 and $400,000 and is deposited in a bank account.

We conclude that the most natural reading of the term "property . . . in the custody of the court" in rule 1.420(a)(1) is money or other property in the actual custody of the court, such as funds deposited in the court registry. Those are funds that are in the actual custody of the court, not trust property on the transactions of which the court has issued orders. Cf. Our Gang, Inc. v. Commvest Sec., Inc., 608 So. 2d 542, 544–45 (Fla. 4th DCA 1992) (noting that where the court had issued an order directing that funds be deposited into the court registry but where no such deposit had been accomplished, rule 1.420(a)(1) did not apply).[6]

Mr. Baden has successfully demonstrated that his voluntary dismissal divested the trial court of jurisdiction over his lawsuit. Accordingly, we grant his petition for writ of prohibition and quash the trial court's April 24, 2018, order that declared the voluntary dismissal a nullity.

Petition granted.

NORTHCUTT and CRENSHAW, JJ., Concur.

---

[6]Lastly, the daughters contend that Mr. Baden failed to file his notice of voluntary dismissal "before a hearing on motion for summary judgment." See Fla. R. Civ. P. 1.420(a)(1)(A). Specifically, they equate a hearing on a motion for summary judgment to the proceedings leading to the court's December 2014 partial final judgment resolving the trust-related counts in Mr. Baden's complaint. We reject this argument. No motion for summary judgment was ever filed in the first instance, let alone one filed with the requisite particularity requirements set forth in the rule governing motions for summary judgment. See Fla. R. Civ. P. 1.510(c).